P. C. WILSON v. THE LOUIS COOK MANUFACTURING COMPANY.

*Attachment Proceedings.*

1. An attachment may be had in support of any demand arising *ex contractu*, the amount of which is ascertained or is susceptible of being ascertained by some certain standard referable to the contract itself, but otherwise, where the claim is for purely uncertain damages; *Therefore*, where the plaintiff sought to recover compensation for the loss of profits, alleged to have resulted from the failure of defendant to furnish certain goods which the plaintiff was to sell as his agent; *Held*, that an attachment would not lie.

2. A motion to dissolve an order of attachment may be made before the return term of the summons in the action.

(*Price* v. *Cox*, 83 N. C., 261; *Palmer* v. *Bosher*, 71 N. C., 291, cited and approved).

MOTION to vacate an order of attachment, made in an action pending in MECKLENBURG Superior Court, heard at Chambers on the 31st of January, 1883, before *Shipp, J.*

His Honor vacated the order upon the ground that the affidavit does not state a cause of action authorizing an attachment, and the plaintiff appealed.

*Messrs. Burwell & Walker*, for plaintiff.
*Messrs. Jones & Johnston*, for defendant.

RUFFIN, J.    The appeal in this case is taken from an order made at Chambers vacating an attachment hitherto issued by the clerk.

In his affidavit, filed in support of his application for the attachment, the plaintiff sets forth his demand as having arisen "upon a contract which the defendant made with him, to furnish him with buggies of defendant's make, of which he was to have the exclusive sale in the city of Charlotte," which contract, he alleges, the defendant failed to perform and thereby became "indebted to him in the sum of one thousand dollars, as nearly

as he can ascertain the same." The reason assigned by the plaintiff—in which he was sustained by His Honor—for vacating the warrant of attachment was, that the action is brought for unliquidated damages, too uncertain in amount to be the subject of an attachment under the provisions of section 197 of the Code.

The law as regards this matter has been recently and fully considered in *Price* v. *Cox*, 83 N. C., 261, and as it is impossible to distinguish the two cases in principle, the conclusion then reached must control us now. The rule to be deduced from that case is, that an attachment may be had in support of any demand arising *ex contractu*, the amount of which is ascertained or is susceptible of being ascertained by some standard, referable to the contract itself, sufficiently certain to enable the plaintiff to aver it in his affidavit, or a jury to find it; but not so, if the action be one for unliquidated damages, in which the contract alleged furnishes no rule for ascertaining them, but leaves the amount to remain altogether uncertain until fixed by the jury, without any definite rule of law to direct them.

The plaintiff in this action seeks to recover compensation for the loss of such profits, as he conjectures he might have derived from selling buggies as agent for the defendant, had they been furnished him according to the terms of the contract. It is therefore a case of purely uncertain damages, with no standard furnished by the contract itself, or fixed rule of law, for ascertaining them, and it is impossible to suppose a case farther removed from the provisions of the statute than it is.

In *Lawton* v. *Keil*, 51 Barb. (N. Y.), 30, cited by counsel, the facts were that the defendant contracted to buy sound corn, but bought indifferent corn for the plaintiff. The standard of damages was said to be the difference in the quality and market values of the two kinds of corn; and as nothing was wanting but for the jury to ascertain that difference, it was held that the plaintiff was entitled to have an attachment under the maxim *id certum est quod certum reddi potest;* and it was so held too,

under somewhat similar circumstances in *Carland* v. *Cunningham*, 37 Penn. St. Rep., 228. But these cases bear no sort of analogy to the one before·us, and indeed by referring to the opinions of the judges as delivered in them, they will be found to be in perfect harmony with the decision in *Price* v. *Cox.*

Nor is there any greater force in the suggestion that the motion to dissolve the attachment was prematurely made, or that it could only be made after the return of the summons, and after the defendant had appeared in the action. The very point Was considered in *Palmer* v. *Bosher*, 71 N. C., 291, where it was held that the defendant need not wait until the return term of the court, but might voluntarily appear at·any time and move the judge to vacate the attachment—the court remarking upon the hardship it might inflict upon a defendant, whose property had been seized under an irregular process, if he were compelled to postpone, perhaps for six months, a·motion to vacate it.

We see no error in the judgment of the court below, and the same is therefore affirmed, and it must be certified to that court that we are of the opinion that the warrant of attachment was improperly issued in this case and that the same should be quashed.

No error. Affirmed.