J. W. WINFREE v. E. G. BAGLEY.

*Summons, service by Publication—Attachment—The Code,* §§ 218 (3) *and* 3765 (6).

1. A *chose in action* is *property,* and embraced in the terms of §218 (3) of *The Code,* providing for service by publication, "when the defendant is not a resident of this State, but has property therein," &c.

2. In an action for unliquidated damages no attachment can issue, and constructive service, by publication, in such action, is insufficient for any purpose.

This was a MOTION to dismiss, heard before *Philips, J.,* at June Term, 1887, of the Superior Court of GUILFORD County.

The action was for libel, and the defendant being a non-resident, publication of the summons was made. The affidavit upon which the order was made stated that the plaintiff was a resident of North Carolina, that the defendant had property within the State, and was in other respects regular. The defendant entered a special appearance for the purpose

of making this motion *to dismiss*, and filed an affidavit, in which he stated that he had no property within this State. He admitted that the plaintiff owed to him a bond for $1,000, dated April 24, 1882, and payable on demand. His contention is, "that said bond is not such property within the State of North Carolina, within the provision of the statute (*The Code*, § 218, subdiv. 3), in order to give the courts of this State jurisdiction to hear and determine actions against a non-resident, and, if within the provision of said statute, he is further advised, and so charges, that the same is unconstitutional and void."

His Honor denied the motion, and the defendant appealed.

*Mr. J. T. Morehead*, for the plaintiff.
*Mr. J. A. Barringer* for the defendant.

SHEPHERD, J. (after stating the facts). *The Code*, sec. 218, subdiv. 3, provides that service, by publication, may be made "where he (the defendant) is not a resident of this State, but has property therein, and the Court has jurisdiction of the subject of the action." The defendant contends that the bond mentioned in the affidavit is not "property" within the meaning of the above section. The cases cited by him involved the construction of the word "property" when made in wills, and have no application to the construction of the word as used in *The Code*. Section 3765, subdiv. 6, provides that the word property, when used in statutes, shall "include all property, both real and personal." So there can be no question that a *chose in action* is embraced in sec. 218.

But there is another objection, which we think is fatal to the plaintiff, unless personal service can be made on the defendant. No attachment has been issued in this action, and none can issue, because it is for unliquidated damages. *Price* v. *Cox*, 83 N. C., 261; *Wilson* v. *Mfg. Co.*, 88 N. C., 5.

There being no attachment, and the suit being merely *in personam*, constructive service in this form, upon a non-resident, is insufficient for any purpose. Justice FIELD, in delivering the opinion in the case of *Pennoyer* v. *Neff*, 95 U. S., 714, says: " The want of authority of the tribunals of a State to adjudicate upon the obligation of non-residents, where they have no property within its limits, is not denied by the Court below, but the position is announced that, when they have property within the State, it is immaterial whether the property is in the first instance brought under the control of the Court, by attachment or some other equivalent act, and afterwards applied by its judgment to the satisfaction of demands against its owner, or such demands be first established in a personal action, and the property of the non-resident be afterwards seized and sold on execution. But the answer to this position has already been given in the statement, that the jurisdiction of the Court, to inquire into and determine his obligations at all, is only incidental to its jurisdiction over the property. Its jurisdiction in that respect cannot be made to depend upon the facts to be ascertained after it has tried the cause and rendered the judgment. * * * Even if the positions announced were confined to cases where the non-resident defendant possessed property in the State at the commencement of the action, it would still make the validity of the proceedings and judgment depend upon the question whether, before the levy of the execution, the defendant had or had not disposed of the property. If, before the levy, the property should be sold, then, according to this position, the judgment would not be binding. This doctrine would introduce a new element of uncertainty in judicial proceedings. The contrary is the law. The validity of every judgment depends upon the jurisdiction of the Court before it is rendered, not upon what may occur subsequently."

To this reasoning it has been said, that each State has the right to regulate its own proceedings, so far as to bind the property of the debtor within its territory, and that there is no mode of directly reviewing or impeaching the judgment in the State where it is rendered. The force of this is admitted by the learned Justice, but he says, " that since the adoption of the fourteenth amendment to the Federal Constitution, the validity of such judgments may be *directly questioned,* and their enforcement *in the State* resisted, on the ground that proceedings in a Court of justice to determine the personal rights and obligations of parties, over whom that Court has no jurisdiction, do not constitute due process of law,  *  *  *  except in cases affecting the personal *status* of the plaintiff, and in cases in which that mode of service may be considered to have been assented to in advance, as hereinafter mentioned. The substituted service of process by publication allowed by the laws of Oregon (which is the same as in North Carolina), and by similar laws in other States, where actions are brought against non-residents, is effectual only where, in connection with process against the person for commencing the action, property in the State *is brought under the control of the Court,* and subject to its disposition by process adopted for that purpose, or where the judgment is sought as a means of reaching such property or affecting some interest therein."

This decision, which we are constrained to follow, is so contrary to the general view, as to the right of a State to regulate its own process in subjecting the property of non-resident debtors within its limits, that we have thought it proper to quote largely from the opinion, in order that it may be seen upon what ground the restriction is based.

For the above reasons, the Court below should declare that there has been no service on the defendant, and that he is not required to answer. As the defendant's motion was simply to *dismiss* the action, and there has been no *discon-*

*tinuance*, his Honor was correct in his ruling, as the Court had jurisdiction of the subject-matter, and the plaintiff may be able to make personal service in the State; we have deemed it our duty, however, to declare that as yet there has not been due and proper service, in order that the Court below may proceed advisedly.

No error.         Affirmed.