PARKS & NICHOLS v. S. R. ADAMS.

*Attachment—Judgment—Garnishee.*

1. An attachment was levied on a debt alleged to be due from A to the defendant, which the latter averred had been assigned by him to B before the levy. B asked to be made a party, in order that he might assert his right to the debt or fund. The Court refused to allow him to interplead unless he would give bond for costs, which he failed to do but took no exception to the ruling excluding him as a party. Upon the trial there was a verdict for the plaintiff and a judgment thereon for his debt against the defendant, and an order condemning the fund in A's hands to its satisfaction. A neither excepted nor appealed: *Held,* that B's rights are not affected by the judgment, he not being a party to the action, and that he has no standing as appellant here; and further, that it does not concern the defendant, under the circumstances, whether the attached debt is applied as directed or not, that being a matter affecting only the interest of A, who has not appealed, and of B, who is not a party nor bound by the order.

2. An affidavit upon which a warrant of attachment has issued, and which does not allege that the defendant has property in this State, is not defective an that account.

Action for the recovery of money, heard at Fall Term, 1893, of McDOWELL Superior Court, before *Boykin, J.*

A warrant of attachment was issued in aid of the principal relief sought by the plaintiffs, and a motion was made by the defendant before the Clerk to vacate the same.

One W. S. Dodd claimed the fund attached, and at the hearing of the said motion leave was granted by the Clerk to the plaintiffs and the defendant to file affidavits raising an issue of title to the fund.

Before the jury were empaneled the plaintiffs moved the Court to strike out the affidavit raising the issue of title to the fund, for that the defendant had not filed the bond provided for in section 331 of *The Code,* and the plaintiffs' counsel stated in open Court that he had given the claimant Dodd's attorney full notice that he should require him to file the bond before any issue as to the title should be submitted to the jury, and this was not denied. The attorney for the claimant insisted that the filing of the affidavit by the plaintiffs was an implied waiver of the bond. His Honor offered the claimant the privilege of filing the bond, which he refused to do, and thereupon his Honor refused to allow the claimant Dodd to be made a party without bond, for the purpose of trying a collateral issue of title. No exception was taken to the ruling of his Honor. Verdict for the plaintiffs. Defendant's counsel then insisted upon his appeal from the Clerk's order refusing to dissolve the attachment, and asked that the Judge should then hear the appeal. The Court refused to vacate the warrant of attachment, and rendered judgment for the plaintiffs. The defendant excepted to so much of the judgment as provides that "the money in the hands of J. G. Neal, trustee, belonging to S. R. Adams, be and the same is hereby condemned to be paid in satisfaction of the said debt, interest and cost." Appeal by defendant and William S. Dodd.

*Mr. P. J. Sinclair*, for plaintiffs.
*Messrs. Justice & Justice*, for defendant.

BURWELL, J.: An examination of this record shows very conclusively, we think, that neither of the appellants, Adams nor Dodd, has any cause to complain of the judgment they ask us to review.

The defendant, a non-resident, appeared in the action and filed an answer denying the alleged indebtedness to the plaintiffs. The issue thus raised was tried, the Court having acquired, by his appearance and the filing of his answer, jurisdiction of the parties and the subject-matter. A verdict was rendered and a judgment was entered in favor of the plaintiffs against the defendant for the sum found by the jury to be due from him to them, and to none of this does the defendant object.

It may be noted here that this is not one of those cases in which the jurisdiction of the Court is dependent upon the fact that property of the non-resident defendant has been seized under process issuing in the action. In those cases, if it appears that the defendant's property has not in fact been levied on and taken, the very foundation of the Court's jurisdiction has failed, and any judgment in the cause is of course a nullity. The contest here is not about the main action between the plaintiffs and the defendant, but solely about the regularity and effect of the ancillary proceeding of attachment, which the plaintiffs called to their aid.

The record states that there was an "appeal by defendant and William S. Dodd." The latter had asserted that the debt or fund alleged to be due to the defendant, by one Neal, trustee, on which the plaintiffs claimed that they had acquired a lien by virtue of the levy of their warrant of attachment, was really due to him because of an assignment of it to him by the defendant, and he had asked the Court to allow him in this action to contest with the plaintiffs for the ownership

of this money or debt. The Court refused to allow him so to do. He took no exception to that ruling. Thereafter he was out of the case. His rights, if he has any, to this fund are not affected by the judgment, and he has no standing as a party to the cause, and none as an appellant here.

It may have behooved the debtor Neal, trustee, in whose hands was the attached fund or debt, to have it well settled, in the face of the conflicting claims of the plaintiffs and of Dodd, to whom he should pay the money. But he, for good reasons, no doubt, neither asked for the protection of such a judicial determination, nor does he appeal from the judgment which we are here called upon to review.

Thus the defendant Adams is left to be the sole appellant in this cause. He alone objects to the judgment and to the ruling of his Honor.

He insists that the affidavit upon which the warrant of attachment was issued was defective, in that it did not allege that the defendant "had property in this State." The case of *Windley* v. *Broadway*, 77 N. C., 333, sustains him in this, but the inadvertence of the Court, in its ruling there, is corrected in *Branch* v. *Frank*, 81 N. C., 180, where the provisions of *The Code* in this regard are fully and correctly set out. The point, therefore, was not well taken.

The judgment, after declaring that the plaintiffs recover of the defendant Adams the amount found due by the verdict, provides "that the money in the hands of J. J. Neal, trustee, belonging to said S. R. Adams, be and the same is hereby condemned to be paid in satisfaction of said debt, interest and costs of this action, to be taxed by the Clerk." And the exception is to this proviso alone, and comes, as we have said, from the defendant Adams alone. Neal, trustee, is content. Now if this exception of the defendant is founded upon the hypothesis that this fund or debt, because of his transfer of it to Dodd, does not belong to him (the defendant), and did not belong to him when the warrant was legally

levied upon it, then we have, as it seems to us, au exception on the non-resident defendant's part, because another man's property is to be applied to the satisfaction of his indebtedness to plaintiffs. The rights of the defendant's transferee, who is no party to this judgment, and is not bound thereby, may well be left, as they must be, to his own care.

And if the exception is founded upon the hypothesis that this fund or debt does still belong to him, in spite of his alleged transfer to Dodd (which, the defendant insists, was made by him *bona fide* and before the attachment of plaintiffs' lien), then it would seem that, after a verdict in plaintiffs' favor, establishing their right to recover, the Court having jurisdiction by appearance of the defendant, it did not lie in his mouth to raise objections to the manner in which the officer who was charged with the execution of the warrant of attachment had performed his duty. He owes the plaintiffs. Upon this theory Neal, trustee, owes him. The latter does not complain of the order which directs him to apply what he owes to or holds for the defendant to the satisfaction of plaintiffs' judgment. It is for him—not the defendant— to be careful that the Sheriff's receipts for this fund shall be a valid acquittance to him from all claimants, including the defendant, and as to him the provision of *The Code*, § 489, furnishes an easily secured and safe protection, independent of any reliance upon the attachment proceedings.

We purposely omit to express any opinion as to the effect of the alleged levies of the warrants of attachment to create liens in the plaintiffs' favor on the debt or fund, for those are matters that may affect the rights of the defendant's transferee, Dodd, and they do not in any way concern the rights of the defendant. It would serve no good purpose to discuss them here.                                    Affirmed.