Plaintiff's counsel moved for judgment, stating that there was an affidavit filed or he would file a sufficient affidavit. His Honor declined to give judgment, but gave plaintiff time to file affidavits to obtain the jurisdiction of the court, and gave to defendant time to answer.
On 4 December the plaintiff filed an affidavit, as follows:
"S. L. Long, being duly sworn, says that the defendant company has its general place of business in the city of New Orleans, and therefore prays a summons and asks that process issue that the same may be sent to the sheriff or other proper officer of that city."
At the December Term, 1893, defendant's attorneys stated that (467) they entered a special appearance with Mr. Patterson and moved to dismiss the action, for that no sufficient affidavit had been filed warranting the process of the court or obtaining the jurisdiction of the *Page 295 
court, that it was admitted that the defendant was a resident of the State of Louisiana, and plaintiff had not alleged it had property within the State of North Carolina, and that the action was simply in personam. Plaintiff moved for judgment for want of an answer, and alleged that his affidavit of 4 December was sufficient and that defendant was in court. His Honor, Winston, J., held and found as a fact on the affidavit of J. L. Patterson filed and statement of counsel that a special appearance only had been entered, and asked plaintiff if he wished to file an additional affidavit or wished an alias summons. Plaintiff stated that he did not, and moved for judgment on his complaint. This his Honor declined.
The defendant moved to dismiss the action, which motion his Honor granted and plaintiff appealed.
The finding of the court below that the appearance of the defendant at August Term was a special appearance is not reviewable.
Laws 1891, ch. 120, authorizing service of summons and other process upon a nonresident by an officer of the county and State where he resides, is, as the act expresses it, only "in lieu of publication in a newspaper." It can only be done in those cases in which publication could be made and has only the effect publication would have, except it may be that when the actual notice is brought home by such service to a nonresident he has not the right allowed the defendant (468) when publication is made by The Code, sec. 220, to defend after judgment. But as to this we need not decide now.
"Substituted service by publication, or in any other authorized form, may be sufficient to inform parties of the object of proceedings taken where property is once brought under the control of the court by seizure or some equivalent act. . . . Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, by enforcing a contract or lien respecting the same, or to partition it among different owners, or, when the public is a party, to condemn and appropriate it for a public purpose. In other words, such service may answer in all actions which are substantially proceedings in rem; . . . process from the tribunals of one State cannot run into another State and summon parties there domiciled to leave its territory and respond to proceedings against him." Pennoyer v.Neff, 95 U.S. 714, 727; Wilson v. Seligman, 144 U.S. 41, 44. "There is a large class of cases which are not strictly actions in rem, but are frequently spoken of as actions quasi in rem, . . . in which *Page 296 
property of nonresidents is attached and held for the discharge of debts due by them to citizens of the State, and actions for the enforcement of mortgages and other liens." Freeman v. Alderman, 119 U.S. 185;Hornthall v. Burwell, 109 N.C. 10. Where the proceeding is for the enforcement of mortgages or other liens, or the condemnation of a right-of-way or other easement, or the partition of realty and the like, the jurisdiction as to nonresidents only authorizes a judgment acting upon the property. Where the enforcement of a debt or other personal liability is sought by subjecting property of the nonresidents, the jurisdiction is based upon the seizure of the property and only (469) extends to the property attached. In neither case can any personal judgment be rendered against the defendant, not even for the costs, nor affecting other property of his, even within the State. Winfree v.Bagley, 102 N.C. 515. The act (1891, ch. 120) allowing service of process of this State upon a nonresident where he resides does not and cannot extend the jurisdiction. It is a convenient and probably a more sure way of bringing home to the nonresident the notice which formerly was made solely by publication. It is optional with the plaintiff which mode he shall use.Mullen v. Canal Co., ante, 8. But the service of process in another State is valid only in those cases in which publication of the process would be valid. 22 A. E., 137; York v. State, 73 Tex. 651. This is true also in action for divorce. Burton v. Burton, 45 Hun, 68.
In the present case, the action being for the recovery of a debt, publication of summons would have been invalid because there was no attachment of the property of defendant to confer jurisdiction. Winfree v.Bagley, supra. As no publication of summons would have been valid the actual service in another State "in lieu thereof" was equally invalid. The plaintiff declined the leave given him to amend his proceedings to bring the defendant into court, and the judge therefore properly dismissed the action.
Not only has the process, issuing from one State, no extra-territorial effect when served in another State (except as notice of a proceedingin rem, or quasi in rem, which could be served by publication of the notice), but even in the Federal Courts, whose jurisdiction extends throughout the Union, a personal judgment can be had against a defendant only when used in the district where he resides. Toland v.Sprague, 12 Pet., 300. A personal judgment against a nonresident can only be obtained in a State court when he can be found and (470) served with process while in the State (Peabody v. Hamilton, 106 Mass. 217; Smith v. Gibson, 83 Ala. 284), or, if a corporation, by service on its agent there. It should be noted that the statute now (The Code, sec. 347), as amended by chapter 77, Laws 1893, is *Page 297 
materially different from the act in force when Wilson v. Mfg. Co.,88 N.C. 5, was decided. An attachment now lies for unliquidated damages arising out of breach of contract or for injury to personal or real property, but not for any other torts, such, for instance, as libel, which was the cause of action in Winfree v. Bagley, supra.
No error.
Cited: Mullen v. Canal Co., ante, 10; Harris v. Harris, 115 N.C. 588;Bernhardt v. Brown, 118 N.C. 706; Judd v. Mining Co., 120 N.C. 399;Graham v. O'Brien, ib. 464; Balk v. Harris, 122 N.C. 66; Cooper v.Security Co., ib., 465; Malloy v. Fayetteville, ib., 482; R. R. v. Newton,133 N.C. 135; May v. Getty, 140 N.C. 318; Vick v. Flourny, 147 N.C. 213;Armstrong v. Kinsell, 164 N.C. 127; Tisdale v. Enbanks, 180 N.C. 156.