S. L. LONG *v.* HOME INSURANCE COMPANY OF NEW ORLEANS.

*Practice—Special Appearance—Service of Summons Outside of State—Jurisdiction—Attachment.*

1. The finding of the Court below that an appearance entered by a defendant in an action was a special appearance is not reviewable in this Court.

2. The service of summons and other process which ch. 120, Acts of 1891, authorizes to be made upon a non-resident by an officer of the county and State where he resides, is "in lieu of publication in a newspaper," and can only be made in those cases where publication could be made, to-wit, in actions which are virtually pro-

30

ceedings *in rem* or *quasi in rem*, and in which the jurisdiction as to non-residents only authorizes a judgment acting upon the property.

3. Where an action is for the recovery of a debt and there is no attachment of the property to confer jurisdiction there can be no service by publication of the summons and, hence, actual service in another State "in lieu of publication" would be invalid.

4. Where the enforcement of a debt or other liability is sought by subjecting property of a non-resident, the jurisdiction is based upon the seizure of the property and only extends to the property attached; and no personal judgment can be rendered against the defendant, not even for the costs,· or affecting other property within the State.

The plaintiff caused summons to be issued by the Clerk of FORSYTH Superior Court and to be served on the defendant corporation in New Orleans by an officer of the State of Louisiana, as provided for in ch. 120, Acts of 1891. At August Term, 1893 (the return Term), the plaintiff filed his complaint and an attorney for the defendant entered a special appearance and moved to dismiss the action, for that the defendant was not in court, and that no sufficient affidavit for summons to issue to a foreign State under ch. 120, Acts of 1891, had been made.

Plaintiff's counsel moved for judgment, stating that there was an affidavit filed or he would file a sufficient affidavit. His Honor declined to give judgment, but gave plaintiff time to file affidavits to obtain the jurisdiction of the Court, and gave to defendant time to answer.

On December 4th the plaintiff filed an affidavit, as follows:

"S. L. Long, being duly sworn, says that the defendant company has its general place of business in the city of New Orleans, and therefore prays a summons and asks process issue that the same may be sent to the Sheriff or other proper officer of that city."

At the December Term, 1893, defendant's attorneys stated that they entered a special appearance with Mr. Patterson and moved to dismiss the action, for that no sufficient affidavit had been filed warranting the process of the Court or obtaining the jurisdiction of the Court; that it was admitted that the defendant was a resident of the State of Louisiana, and plaintiff had not alleged it had property within the State of North Carolina, and that the action was simply *in personam.*  Plaintiff moved for judgment for want of an answer, and alleged that his affidavit of December 4th was sufficient and that defendant was in court.  His Honor *Winston, J.*, held and found as a fact on the affidavit of J. L. Patterson filed and statement of counsel that a special appearance only had been entered, and asked plaintiff if he wished to file an additional affidavit or wished an *alias* summons.  Plaintiff stated that he did not, and moved for judgment on his complaint.  This his Honor declined.

The defendant moved to dismiss the action, which motion his Honor granted and plaintiff appealed.

*Mr. J. S. Grogan,* for plaintiff (appellant).
*Messrs. Glenn & Manly,* for defendant.

CLARK, J.: The finding of the Court below that the appearance of the defendant at August Term was a special appearance is not reviewable.

The Act of 1891, ch. 120, authorizing service of summons and other process upon a non-resident by an officer of the county and State where he resides, is, as the act expresses it, only "in lieu of publication in a newspaper."  It can only be done in those cases in which publication could be made and has only the effect publication would have, except it may be that when the actual notice is brought

home by such service to a non-resident he has not the right allowed the defendant when publication is made by *The Code*, §220, to defend after judgment. But as to this we need not decide now.

"Substituted service by publication, or in any other authorized form, may be sufficient to inform parties of the object of proceedings taken where property is once brought under the control of the Court by seizure or some equivalent act. * * * Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, by enforcing a contract or lien respecting the same, or to partition it among different owners, or, when the public is a party, to condemn and appropriate it for a public purpose. In other words, such service may answer in all actions which are substantially proceedings *in rem;* * * * process from the tribunals of one State cannot run into another State and summon parties there domiciled to leave its territory and respond to proceedings against him." *Pennoyer* v *Neff*, 95 U. S., 714, 727; *Wilson* v. *Seligman*, 144 U. S., 41, 44. "There is a large class of cases which are not strictly actions *in rem*, but are frequently spoken of as actions *quasi in rem*, * * * in which property of non-residents is attached and held for the discharge of debts due by them to citizens of the State, and actions for the enforcement of mortgages and other liens." *Freeman* v. *Alderman*, 119 U. S., 185; *Hornthall* v. *Burwell*, 109 N. C., 10. Where the proceeding is for the enforcement of mortgages or other liens, or the condemnation of a right of way or other easement, or the partition of realty and the like, the jurisdiction as to non-residents only authorizes a judgment acting upon the property. Where the enforcement of a debt or other personal liability is sought by subjecting property of the non-resident the jurisdiction is based upon

the seizure of the property and only extends to the property attached. In neither case can any personal judgment be rendered against the defendant, not even for the costs, nor affecting other property of his even within the State. *Winfree* v. *Bagley*, 102 N. C., 515. The act (1891, ch. 120) allowing service of process of this State upon a non-resident where he resides does not and cannot extend the jurisdiction. It is a convenient and probably a more sure way of bringing home to the non-resident the notice which formerly was made solely by publication. It is optional with the plaintiff which mode he shall use. *Mullen* v. *Canal Co.*, at this Term. But the service of process in another State is valid only in those cases in which publication of the process would be valid. 22 A. & E. Eve., 137; *York* v. *State*, 73 Tex., 651. This is true also in action for divorce. *Burton* v. *Burton*, 45 Hun., 68.

In the present case, the action being for the recovery of a debt, publication of summons would have been invalid because there was no attachment of the property of defendant to confer jurisdiction. *Winfree* v. *Bagley, supra.* As no publication of summons would have been valid the actual service in another State "in lieu thereof" was equally invalid. The plaintiff declined the leave given him to amend his proceedings to bring the defendant into court, and the Judge therefore properly dismissed the action.

Not only has the process, issuing from one State, no extra territorial effect when served in another State (except as notice of a proceeding *in rem*, or *quasi in rem*, which could be served by publication of the notice), but even in the Federal Courts, whose jurisdiction extends throughout the Union, a personal judgment can be had against a defendant only when sued in the district where he resides. *Toland* v. *Sprague*, 12 Pet., 300. A personal judgment against a non-resident can only be obtained in a State Court

when he can be found and served with process while in the State (*Peabody* v. *Hamilton*, 106 Mass., 217; *Smith* v. *Gibson*, 83 Ala., 284), or, if a corporation, by service on its agent there. It should be noted that the statute now (*The Code*, §347), as amended by chapter 77, Acts 1893, is materially different from the act in force when *Wilson* v. *Manufacturing Co.*, 88 N. C., 5, was decided. . An attachment now lies for unliquidated damages arising out of breach of contract or for injury to personal or real property, but not for any other torts, such, for instance, as libel, which was the cause of action in *Winfree* v *Bagley, supra*.　　　No Error.