L. M. FOUSHEE v. H. E. OWEN.

(Decided April 5th, 1898).

*Attachment — Unliquidated Damages — Affidavit—Special Appearance—Intervenor—Evidence.*

1. An action to recover the loss, amounting to a definite sum, which plaintiff sustained by reason of damaged goods purchased by him and resold under the instructions of the defendant and the latter's promise that he would make it good, is an action for liquidated damages, and an action will lie therefor.

2. Under Section 347 of *The Code*, and Chapter 77, Acts of 1893, an action will lie for unliquidated damages arising out of breach of contract.

3. The affidavit on attachment need not state that the defendant has property in the State.

4. A warrant of attachment cannot be discharged upon the special appearance of the defendant when the grounds for his motion involved the finding of facts and such as he has no interest in.

5. Where a defendant in an attachment denied the ownership of the property attached and, on the trial of an appeal from the refusal of a Justice of the Peace to dismiss the warrant, asked for the submission of an issue as to whether he was the owner. *Held,* that the submission of the issue was properly refused since the question of ownership could only be raised by an intervenor who might claim the property and have the matter determined in an issue collateral to the main action.

6. The judgment against a non-resident debtor being exhausted by a sale of the property attached, a non-resident defendant in attachment proceedings, who denies ownership of the attached property, cannot be injured by the judgment, and hence is not entitled to have an issue submitted as to the title to the property.

7. Letters written by the H. E. Owen Grain Company are not admissible to prove an agreement alleged to have been made by H. E. Owen, in the absence of any testimony to show that H. E. Owen and the H. E. Owen Grain Company were one and the same.

CIVIL ACTION tried before *Adams, J.*, and a jury at Fall Term, 1897, of CHATHAM Superior Court, on appeal

from a judgment of a Justice of the Peace. The plaintiff recovered judgment in the Superior Court, and the defendant appealed. The facts are fully stated in the opinion of Associate Justice Montgomery.

*Messrs. Simmons, Pou & Ward* for plaintiff.
*Mr. R. H. Hayes* for defendant (appellant).

MONTGOMERY, J.: This action was commenced in a court of a justice of the peace to recover of the defendant, H. E. Owen, $132.18 which the plaintiff alleged the defendant promised to pay him as damages sustained in the sale and delivery to him by the defendant of a car-load of unsound corn, the corn having been bought and paid for as sound. At the time of the order of the publication of the summons, the defendant being a non-resident of the State of North Carolina and a resident of the State of Virginia, the plaintiff sued out before the justice of the peace a warrant of attachment and had the same levied upon a car load of meal at Cumnock, N. C., which the plaintiff alleged was the property of the defendant. At the trial of the case before the justice of the peace, the defendant made a special appearance for the purpose of having the attachment discharged on the grounds (1) that the alleged claim of the plaintiff was for unliquidated damages; (2) for that the order of publication was not made or obtained according to law; (3) for that the title to the property at the time of seizure was not in the defendant, and (4) for that the meal in controversy was not shipped by H. E. Owen, the defendant, but by the H. E. Owen Grain Company. The justice of the peace discharged the attachment and gave judgment in favor of the plaintiff for the amount of his claim. Both par-

ties appealed to the Superior Court. At the trial in that court the defendant made a special appearance and renewed his motion to dismiss the attachment on the grounds set out in the justice's court, and upon an affidavit made by W. D. Bright to the effect that the carload of meal seized by the sheriff under the attachment was shipped, not by H. E. Owen, but by The H. E. Owen Grain Company, and that upon information he believed the meal was never the property of H. E. Owen, the defendant, but was the property of the H. E. Owen Grain Company. His Honor overruled the motion and the defendant excepted. There was no error in this ruling.

In his complaint the plaintiff alleged that he notified the defendant of the damaged condition of the corn when he received it, and that the defendant instructed him to dispose of it at the best possible price, and that he would make good the loss which might occur; that he, the plaintiff, did make sale of the corn at a reduced price, and the loss sustained was $113.82, and that he went to the further expense of $12.80 in reference to the sale of the corn, which expense he was instructed to incur by the defendant. The action was commenced, therefore, not for unliquidated damages in the ordinary sense of that term, but upon such a contract as admitted of the plaintiff's specifying definitely the sum due to him. But, if the demand had been for purely uncertain damages, an attachment could have been issued, as this Court has decided that an attachment now lies, under *The Code*, 347, and Chapter 77 of the Acts 1893, for unliquidated damages arising out of breach of contract or for injury to real or personal property, but not for any other torts. *Price* v. *Cox*, 83 N. C., 261, and *Wil-*

*son* v. *Manufacturing Company*, 88 N. C., 5, were decisions made under Section 197, C. C. P.

The second ground of objection to the issuing of the attachment was that the order of publication was not made or obtained according to law. The defendant contended that the affidavit of the plaintiff to procure the attachment should have stated that the defendant had property in the State, and it appearing that the affidavit did not contain that statement, therefore, the order of publication was not made or obtained according to law. It is not necessary that the affidavit should contain the statement that the defendant had property, that was held to be necessary in *Windley* v. *Bradway*, 77 N. C., 333, and in *Spiers* v. *Halstead*, 71 N. C., 209. That inadvertence was pointed out by the Court in *Branch* v. *Frank*, 81 N. C., 180, and in *Parks* v. *Adams*, 113 N. C., 473.

The last two grounds urged for the discharge of the attachment were not such as could be made upon a special appearance. They involved the finding of facts, and such facts as the defendant had no interest in.

The defendant excepted to the refusal of his Honor to submit an issue to the jury as to whether the defendant, H. E. Owen, was the owner of the meal seized under the attachment. He was not entitled to this issue. It was a question which could be raised only by intervenor who might claim the property as his own, and have it tried in an issue collateral to the main action.

The judgment against a non-resident debtor is exhausted by a sale of the property attached, and has no other legal force. If the property attached, therefore, was not the property of the defendant, the judgment can do him no harm, as it is not a personal judgment. *Pennoyer* v. *Neff*, 95 U. S., 714; *Winfree* v. *Bagley*, 102 N. C., 515.

The defendant's counsel argued here certain rights claimed by the National Bank of Norfolk, Va., and by Bright & Segrove. Neither in the case on appeal nor from the transcript of the record itself does it appear that in the Superior Court they or either of them made up any collateral issue as to the title of the property attached, or appealed from the judgment of that Court. It is true that long after the case on appeal was docketed in this Court, the clerk of the Superior Court sent up a statement under his seal (without *certiorari*) to the effect that Bright & Segrove had served a notice of appeal on the plaintiff. There was no appeal perfected, no bond given by Bright & Segrove, and no application to bring up the appeal in *forma pauperis*. The defendant, H. E. Owen, only, appealed.

There was an error, however, on the trial in the admission by the Court of certain evidence offered by the plaintiff to prove his debt against H. E. Owen. The plaintiff alleged that H. E. Owen sold to him the damaged corn, and that H. E. Owen promised to pay him the damages named in the complaint. The plaintiff on the trial offered letters from the H. E. Owen Grain Company to show that agreement. These letters were received in evidence by his Honor without any attempt on the part of the plaintiff to prove that the H. E. Owen Grain Company was the same as H. E. Owen. There was error in this, because of the variance pointed out, and for which there must be a new trial.

There were so many peculiarities in the constitution of this case for this Court, and the argument of the counsel of defendant, here, was upon a line so different from the questions involved in the record, that we have thought it best to discuss the whole matter.

New trial.