E. C. ARMSTRONG v. J. M. KINSELL and NATIONAL BANK OF NEW BERN.

(Filed 10 December, 1913.)

1. Injunctions—Distinctions Abolished—Code Practice—Interpretation of Statutes.

Under our Code practice the difference between special and common injunctions has been abolished, and they are ancillary to the relief sought in the action, and dependent upon service of process upon the defendant therein in accordance with the modes recognized by statute.

2. Injunctions—Bills and Notes—Banks and Banking—Nonresident Defendant—Process—Attachment.

Where the maker of a note brings his action against a nonresident payee to impeach his note upon the ground of fraud or false representations in its procurement, and seeks an injunction restraining the payee from further negotiating it, and a resident bank, where it had been deposited, from parting with its possession, it is necessary to show personal service of the summons on the nonresident defendant or his duly authorized agent, or some act of his amounting to a waiver thereof; and the issuance of the restraining order on the bank, depending upon proper service of process on the payee, will likewise be dismissed where a special appearance has been entered for that purpose, and there has been no service or waiver of process by the nonresident defendant. The remedy is by attachment of the note in the hands of the bank, under the provisions of Revisal, sec. 777, and publication of notice to the nonresident defendant based thereon. *Bernhardt v. Brown,* 118 N. C., 701, cited and applied.

APPEAL by plaintiff from *Whedbee, J.,* at October Term, 1913, of CRAVEN.

*Ernest M. Green for plaintiff.*
*Charles R. Thomas for defendants.*

CLARK, C. J. The plaintiff executed to defendant Kinsell two notes for $400 each, payable at the National Bank of New Bern, respectively, on 3 January, 1914, and 3 September, 1914, for the balance due on purchase of a "merry-go-round" on which he had made a cash payment. These notes were deposited with the defendant bank for collection. On arrival of the machine, being dissatisfied with its condition, the plaintiff brought this action, alleging false representation and breach of warranty and asking damages to the extent of the balance of the purchase money and an injunction against the defendant Kinsell from negotiating or transferring said notes and against the bank to prevent its parting with the custody thereof until the further orders of the court.

The defendant Kinsell entered a special appearance and asked to dismiss the action and to vacate and dissolve the restraining order, upon the ground that there had been no personal service of the summons upon him and no appearance, or acceptance of service, and asking that the injunction be dissolved and that the action be dismissed.

Under the system of procedure prior to the adoption of The Code, injunctions were special or common. The former was where the injunction itself was the relief sought, while a common injunction was an ancillary proceeding; but under The Code all injunctions are simply ancillary proceedings and cannot issue except when there is an action pending in court, in which jurisdiction has been obtained in one of the modes recognized by the statute. These are fully discussed and distinguished in *Bernhardt v. Brown,* 118 N. C., 701. They are:

(1) Personal service, or, in lieu thereof, acceptance of service or a waiver by appearance.

(2) Proceedings *in rem,* in which the court already has jurisdiction of the *res* as to enforce some lien or a partition of property in its control, and the like. In these cases publication of

ARMSTRONG *v.* KINSELL.

the summons or notice may be made, but the judgment has no personal force, not even for the costs, being limited to acting upon the property.

(3) Proceedings *quasi in rem,* in which cases the court acquires jurisdiction by attaching property of a nonresident or of an absconding debtor (*Winfree v. Bagley,* 102 N. C., 515), and in similar cases, and the judgment has no effect beyond the enforcement of the judgment out of the property seized by the attachment. In such cases publication of the summons or notice may be made based upon the jurisdiction of the property attached. Revisal, 442 and 442 (3); *Grocery Co. v. Bag Co.,* 142 N. C., 174.

Proceedings in. divorce are *sui generis,* as the judgment therein merely declares a personal status, and publication of the summons is allowed without the acquisition of jurisdiction by attachment of property, where the defendant is a nonresident, the court having jurisdiction of the person of the plaintiff.

The distinction between the above proceedings or methods of bringing parties into court is fully pointed out in *Bernhardt v. Brown, supra,* p. 706, with citation of authorities: *Pennoyer v. Neff,* 95 U. S., 714; *Winfree v. Bagley,* 102 N. C., 515; *Long v. Insurance Co.,* 114 N. C., 465; *Heilbetter v. Oil Co.,* 112 U. S., 294. *Bernhardt v. Brown* has been repeatedly cited; see Anno. Ed.

In this case there was no personal service on the defendant Kinsell nor acceptance of service nor waiver thereof by an appearance. He entered a special appearance and asked to dissolve the injunction and dismiss the proceeding. This is not a proceeding *in rem* to enforce any lien upon the property or to make partition thereof. Nor has jurisdiction been acquired as in a proceeding *quasi in rem,* because there has been no attachment issued and levied. An injunction granted before the issuing of a summons is irregular and will be vacated on motion. *McArthur v. McEachin,* 64 N. C., 72; *Hirsh v. Whitehead,* 65 N. C., 516. For a stronger reason, it must be vacated when no summons has been served on Kinsell and jurisdiction has not been acquired either by attachment or by the court being in control of the *res.*

The injunction, therefore, was properly dismissed· as to Kinsell and also as to the bank,˙ because as to the latter no cause of action was stated in the absence of the defendant Kinsell. We see no advantage to the plaintiff in an injunction against the bank nor even as against Kinsell, which cannot be had by the attachment· when procured. Moreover, an injunction as to a nonresident is improvident, for it can have no effect—usually, at least—except *in personam*. *Warlick v. Reynolds, 151 N. C.,* 606.

Jurisdiction can be acquired as to Kinsell by the service of an attachment upon the notes (Revisal, 777) and the publication of a *notice* based on the jurisdiction thus acquired. *Best v. Mortgage Co.,* 128 N. C., 351; *Grocery Co. v. Bag Co.,* 142 N. C., 180. In *Winfree v. Bagley,* 102 N. C., 515, it is held in a well considered opinion by *Shepherd, J.,* that " 'a chose in action is property,* and embraced in the terms of The Code which provides for service by publication' when the defendant is not a resident of the State, but has property therein." That case has been repeatedly cited since. See Anno. Ed.

In this case there was no publication of notice nor acquirement of jurisdiction by attachment of the notes. The plaintiff did not ask to amend his proceeding by making the attachment and publication, and the judgment below dismissing the action is

Affirmed.