**FIDELITY & DEPOSIT CO. OF MARYLAND et al. v. N. O. NELSON MFG. CO.**

(Court of Appeals of District of Columbia. Submitted March 4, 1920. Decided June 2, 1920.)

No. 3321.

1. **Judgment ☞17 (1)—No personal judgment on substituted service.**
   A personal judgment cannot be obtained on substituted service.

2. **Equity ☞418—Decree pro confesso on bill for injunction not authorized on service by publication.**
   A bill by a contractor's sureties against a subcontractor, to restrain defendant from prosecuting on action on the bond pending plaintiffs' suit against the contractor for discovery, sought only personal relief, and decree pro confesso was not authorized on service by publication.

Appeal from the Supreme Court of District of Columbia.

Suit by the Fidelity & Deposit Company of Maryland and others against the N. O. Nelson Manufacturing Company and others. From an order dismissing the bill as to the named defendant, the plaintiffs and a cross-plaintiff appeal. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

C. N. Merillat, of Washington, D. C., for appellants.

E. A. Chase, of Washington, D. C., for appellee.

SMYTH, Chief Justice. This appeal turns on the sufficiency of the service of process upon the appellee, N. O. Nelson Manufacturing Company, hereafter referred to as the Nelson Company.

William Dall, one of the appellants, made a contract with the District of Columbia to construct for it a high school, and gave a surety bond for the faithful performance of the contract. In addition to other things, the contract provided that he should pay all persons who furnished him labor or material in the prosecution of the work. Certain parties became subcontractors under him, and secured material and labor from many persons who have not been paid therefor. Among them is the Nelson Company and Standard Regulator Company. The latter commenced an action at law against Dall on his bond for the amount due it. Other actions of a similar nature were begun. Thereupon all those who are appellants here, except Dall, who later became a cross-plaintiff, instituted this suit against Dall, the Standard Company, Nelson Company, and others, and in their bill alleged, on information and belief, that Dall was solvent and entirely able to pay all claims properly chargeable against him on his contract; that their liability was secondary to his, and that they were advised that they had a right to compel him to pay the claims against him. Further, they said that under an act of Congress (28 Stat. 278, as amended by 33 Stat. 811 [Comp. St. § 6923]), which they said governed the case, all matters in controversy should be settled in one suit. They prayed for discovery by Dall; that he be required to pay all claims justly due from him; that the Standard Company, which had commenced suit, be restrained pending the adjudication of this cause from prosecuting further its action at law; and that all the other defendants, including the Nelson Company, be restrained during the same time from instituting similar actions.

An order was passed for service of process by publication on the Nelson Company, and the publication was made. The company did not appear, and a decree pro confesso was entered against it. Later a motion to set aside the order for publication and to quash the service was made and sustained. Thereupon, on its own motion, the court dismissed the bill as to the Nelson Company.

[1, 2] There is no question of a lien on property or of title to property in custodia legis presented by the bill. The relief sought thereby against the Nelson Company is purely personal. It is rudimentary that a personal judgment cannot be obtained legally on substituted service. Speaking of such service, the Supreme Court of the United States has said that it may be sufficient where property has been taken into the custody of the court, or where the object of the action is to reach and dispose of property by enforcing a contract or a lien respecting it, or to partition it among different owners, or, when the public is a party, to condemn and appropriate it for a public purpose.

"In other words, such service may answer in all actions which are substantially proceedings in rem. But where the entire object of the action is to

determine the personal rights and obligations of the defendants—that is, where the suit is merely in personam—constructive service in this form upon a non-resident is ineffectual for any purpose." Pennoyer v. Neff, 95 U. S. 714, 727 (24 L. Ed. 565).

Supporting the same proposition are Grannis v. Ordean, 234 U. S. 385, 392, 34 Sup. Ct. 779, 58 L. Ed. 1363, New York Life Ins. Co. v. Dunlevy, 241 U. S. 516, 521, 36 Sup. Ct. 613, 60 L. Ed. 1140, Baker v. Baker, Eccles & Co., 242 U. S. 394, 403, 37 Sup. Ct. 152, 61 L. Ed. 386, McDonald v. Mabee, 243 U. S. 90, 92, 37 Sup. Ct. 343, 61 L. Ed. 608, L. R. A. 1917F, 458, Dexter v. Lichliter, 24 App. D. C. 222, Jordan v. Landram, 35 App. D. C. 89, and Winfree v. Bagley, 102 N. C. 515, 517, 9 S. E. 198. No further discussion of the question is necessary. The judgment of the lower court is right, and is affirmed.

Affirmed.