### N. E. MOHN v. FRED L. CRESSEY.

(Filed 20 April, 1927.)

**1. Courts—Jurisdiction—Justices of the Peace—Nonresident Defendants —Attachment—Garnishments—Process—Statutes.**

The issuance of a warrant of attachment by a justice of the peace having jurisdiction of the action is only for the purpose of acquiring jurisdiction over a defendant who is a nonresident of the State, and is only incidental to the relief sought in the original action, C. S., 819, and the warrant in garnishment may run beyond the limits of the county wherein the action was brought.

**2. Same—Publication of Summons—Continuance—Interpleader.**

Where funds of a nonresident defendant have been attached in an action brought before a justice of the peace in a different county, the justice may continue the case until service of summons by publication has been made on the nonresident defendant, and a motion to dismiss made by an intervener claiming the funds for want of jurisdiction of the justice under these circumstances, will be denied, C. S., 1500. Rule 17. The provisions of C. S., 1489 do not apply.

**3. Attachment—Garnishment—Court's Jurisdiction.**

Attachment of the property of nonresident defendants in this State is a proceeding *quasi in rem*, for the purpose of bringing him under the jurisdiction of the State Court for the purpose of determining the controversy in the action brought against him, when properly constituted.

APPEAL by plaintiff from *Sinclair, J.,* at October Term, 1926, of CRAVEN. Reversed.

The defendant and the Citizens National Bank of Boston, intervener, entered a special appearance in the court of a justice of the peace, and in the Superior Court upon appeal, and moved to vacate a warrant of attachment and to dismiss the action. At the hearing the judge presiding found the following facts:

1. The plaintiff, N. E. Mohn, is a resident of Craven County, N. C.; the defendants, Fred L. Cressey and Citizens National Bank of Boston, are residents of Boston, Mass., and none of the parties connected with this suit are residents of Craven County, except the plaintiff.

2. On 29 December, 1924, plaintiff instituted suit against defendant Fred L. Cressey before C. J. Hancock, a justice of the peace of Craven County, N. C., to recover the sum of $191.16 for breach of contract. Summons was issued to Edgecombe County, N. C., but no personal service was made on any defendant, except on the garnishee, Farmers Banking and Trust Company of Tarboro, Edgecombe County, N. C., which process against the garnishee was issued and service made after special appearance and before trial entered by Fred L. Cressey and Citizens National Bank of Boston.

Upon affidavits filed, a writ of attachment was issued to Edgecombe County, and notice of attachment and summons published against defendant Fred L. Cressey.

The sheriff of Edgecombe County attached a fund of $560 in Farmers Banking and Trust Company of Tarboro, N. C., which plaintiff in his affidavit alleged was the property of the defendant, Fred L. Cressey, which fund represented proceeds of three drafts with bills of lading drawn by Fred L. Cressey in favor of Citizens National Bank of Boston, Mass., against L. L. Stancill of Tarboro, N. C.

3. When the case came on to be heard before C. K. Hancock, justice of the peace at New Bern, N. C., the defendant Fred L. Cressey, through counsel, entered a special appearance and moved to vacate the attachment and dismiss the action on the ground of lack of jurisdiction, as set out in motion filed, which motion was overruled, and defendant Cressey excepted; thereupon, defendant, through counsel, requested the court to remove the case for trial, and same was removed for trial to Walter Fulford, justice of the peace of Craven County, N. C.

4. When the case came on for trial before Walter Fulford, justice of the peace at New Bern, N. C., the Citizens National Bank of Boston, through counsel, entered a special appearance and moved to vacate attachment and dismiss the action, said bank claiming to be owner of funds attached as purchaser of drafts with bill of lading attached from Fred L. Cressey, for the reason of lack of jurisdiction, as set out in the motion filed. Motion was overruled, and Citizens National Bank of Boston excepted. The court then proceeded to try the case, and rendered judgment in favor of plaintiff; both Fred L. Cressey and Citizens National Bank of Boston excepted and appealed. Counsel for Cressey reserving his special appearance above entered, renewed his special appearance before Fulford, J. P., and also excepted to the judgment.

When the case came on for trial in this court, each defendant, Fred L. Cressey and Citizens National Bank of Boston, intervener, entered a special appearance and renewed the motion to vacate attachments and dismiss the action for want of jurisdiction for reasons set out in the motions filed.

Upon the foregoing findings of fact, judgment was rendered vacating the attachment and dismissing the action. The plaintiff excepted and appealed, assigning error in the judgment.

*W. H. Lee for plaintiff.*
*H. P. Whitehurst for defendant.*
*T. D. Warren for the Citizens National Bank of Boston.*

ADAMS, J.  The basic reason of the motions to dismiss the action is the alleged want of jurisdiction. Fred L. Cressey says: (1) That he is

the only defendant; that the summons, which was issued by a justice of the peace in Craven County and addressed to an officer of Edgecombe County, is void, and that the court had no jurisdiction of his person; (2) that no publication of the summons has been made; and (3) that the Farmers Banking and Trust Company, whose funds were attached, is not a party to the action. The Citizens National Bank of Boston rests its motion substantially on the ground first above set forth. We understand from the second paragraph of the statement of facts that both the notice of attachment and the service of the summons were "published against the defendant," and that personal service was made on the garnishee, Farmers Banking and Trust Company, who did not appeal from the judgment. C. S., 819. The mere fact that the appellees entered a special appearance before the garnishee was served did not deprive the magistrate of his authority to continue the cause until service could be made. He ordered a continuance, and the garnishee was served before judgment was rendered or the case was determined. The vital question, then, is that of jurisdiction.

It is provided that no process shall be issued by a justice of the peace to any county other than his own, unless one or more *bona fide* defendants shall reside in and one or more *bona fide* defendants shall reside outside his county, in which case only may he issue process to any county in which such nonresident defendant resides. C. S., 1489. Hence, the justice would have acquired no jurisdiction of the defendant's person by virtue of the summons issued in Craven and addressed to the sheriff, constable, or other lawful officer of Edgecombe, even if it had been personally served in the latter county. "A justice, having no jurisdiction to issue process running out of his county, is confined to the statutory method of acquiring jurisdiction of the person." *Rutherford v. Ray,* 147 N. C., 253. But the fact that this summons could not run beyond the limits of Craven County does not necessarily determine the validity or invalidity of the judgment. The original summons, dated 29 December, 1924, was returnable on 28 January, 1925. The officer's return was, "Not to be found in Edgecombe County." The defendant, who was a nonresident of the State, could not be personally served with process; the issuance of the summons on which the return was made was therefore not necessary. A civil action must be commenced by issuing a summons, except where the defendant cannot be personally served because he is beyond the reach of process, in which event it may be instituted by affidavit, warrant of attachment, and service of summons by publication. In such case the summons is not directed to an officer of any particular county. *Best v. Mortgage Co.,* 128 N. C., 351; *Grocery Co. v. Bag Co.,* 142 N. C., 174, overruling *McClure v. Fellows,*

MOHN v. CRESSEY.

131 N. C., 509; *Currie v. Mining Co.,* 157 N. C., 217; *Armstrong v. Kinsell,* 164 N. C., 125; *Mills v. Hansel,* 168 N. C., 651; *Jenette v. Hovey,* 182 N. C., 30.

Attachment is not strictly a proceeding *in rem,* because the judgment is conclusive only upon the actual parties to the litigation and those in privity with them; it is a proceeding *quasi in rem,* the court acquiring jurisdiction by attachment of the debtor's property. The warrant is designed to serve the two-fold purpose of compelling the appearance of the defendant and of seizing and holding his property for payment of the debt—*pone per vadium et salvos plegios,* put by gage and safe pledge John Doe, the defendant. It is a provisional remedy, and as such does not affect the decision of the case upon its merits. *Hornthall v. Burwell,* 109 N. C., 10; *Armstrong v. Kinsell, supra;* C. S., 484 *et seq.;* 798 *et seq.;* 6 C. J., 31, sec. 4 (2).

The record contains the affidavit, the order of publication, the warrant of attachment, the undertaking, and the complaint, which substantially comply with the law; also the notice of the summons and the warrant of attachment, which, according to the facts found, were duly published. The object of the publication was to give notice of the summons and attachment, and to warn the defendant to appear on the return day and answer or demur to the complaint.

The appellees contend that the justice was prohibited by C. S., 1489, from issuing the warrant of attachment to an officer in Edgecombe County; that, in consequence, there was no lawful seizure of the defendant's property; and that as publication of the summons could not be effectual without such seizure, the judgment is free from error. It may be granted that in the absence of an attachment levied on the property of a nonresident of the State, constructive service, or service by publication, is ineffective, and that when a warrant of attachment has been issued, the court acquires jurisdiction only to the extent that the attached property will satisfy the plaintiff's recovery. *Everitt v. Austin,* 169 N. C., 622; *Currie v. Mining Co., supra; Winfree v. Bagley,* 102 N. C., 515. But the judge found as a fact that the sheriff of Edgecombe County had attached a fund in possession of the garnishee as the property of the defendant, and the question with which we are now concerned is whether the attachment was void because it was addressed by a justice of the peace in Craven to an officer in another county. In the sense in which it is used in C. S., 1489, does "process" mean a writ which is provisional or ancillary as well as a writ which is issued by authority of law for the purpose of bringing the defendant into court? Does it include a warrant of attachment?

In *Fisher v. Bullard,* 109 N. C., 574, the Court said: "We do not find any statute making the provisions of the Code of Civil Procedure

(C. S., 463), as to the place of trial, applicable to trials before a justice."
But among the rules of practice enacted for a justice's court is this:
"The chapter on civil procedure is applicable to proceedings by attach-
ment before justices of the peace, in all cases founded on contract
wherein the sum demanded does not exceed two hundred dollars, and
wherein the title to real estate is not in controversy." C. S., 1500,
Rule 17. Procedure by attachment is therefore regulated by statute
contained in the chapter referred to. If the warrant of attachment is
issued by a justice of the peace, it shall be directed to the sheriff, or
any constable of any county in which the property of the defendant is
located, and shall require the officer to attach and safely keep all such
property, or so much as may be necessary to satisfy the plaintiff's
demand; and several warrants may be issued at the same time to differ-
ent counties. C. S., 801, 805. The former statute, of which section 805
is a modification, contained the clause, "Provided such county be that of
the justice issuing the warrant" (Battle's Revisal, 186, sec. 203; The
Code, sec. 357); but the proviso was subsequently stricken from the
statute. Public Laws 1895, ch. 435. The amendment apparently indi-
cates the legislative intent to extend the reach of the warrant of attach-
ment, as distinguished from original process, beyond the boundaries of
the county in which the justice resides.

If, as in this case, the action is founded on contract, and the sum
demanded does not exceed two hundred dollars, the warrant must be
obtained from and made returnable before a justice of the peace of a
county to the Superior Court of which it would have been returnable
had the sum demanded exceeded two hundred dollars. C. S., 809. If
the sum demanded had exceeded this amount, what would have been
the procedure? Since the defendant is a nonresident of the State, the
action would have been commenced in the Superior Court of the county
in which the plaintiff resides, and would have been returnable in term
to the court from which the summons issued. C. S., 469, 801. As the
action was brought in Craven, the warrant, by virtue of the statute, was
properly returnable before the justice of this county. These facts
should be borne in mind: the defendant Cressey is a nonresident of the
State, the Farmers Banking and Trust Company is garnishee, and the
Citizens National Bank of Boston is intervener. Want of authority
in the justice to issue original process to any county other than his own
did not inhibit the running of the warrant of attachment to another
county, or the service of a notice upon the garnishee to appear before
the court to which the attachment was returnable to answer upon oath
as the statute provides; for issuing the warrant was only incidental to
the original action. C. S., 819; *Baker v. Belvin,* 122 N. C., 190.

As to the intervening bank, the only question is whether it is entitled to the property, not whether there is irregularity in the attachment. *Sitterson v. Speller,* 190 N. C., 192.

The judgment vacating the attachment and dismissing the action is reversed, and the cause is remanded for further proceedings.

Reversed.