WILLIAM F. FAUGHT v. BRANCH BANKING & TRUST CO.

No. 8013SC1026

(Filed 7 July 1981)

**Banks and Banking § 3; Execution § 1— bank account of judgment debtor—bank's payment to sheriff**

Where plaintiff deposited sums into an account at defendant's bank, execution was issued against plaintiff in another suit, the sheriff presented the execution to defendant, and defendant transferred funds in plaintiff's account to the sheriff and notified plaintiff that it had done so, G.S. 1-359 provided defendant with a complete defense to plaintiff's action to recover for defendant's allegedly unlawful withholding of plaintiff's funds, since, under the statute, a bank voluntarily can pay to the sheriff the amount in a judgment debtor's bank account when it is notified that there is an outstanding writ of execution against its depositor.

APPEAL by plaintiff from *Braswell, Judge.* Order entered 8 September 1980 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 29 April 1981.

The following facts are undisputed. Plaintiff deposited sums into an account at defendant's Fayetteville branch. Execution was issued against plaintiff in another suit on 10 March 1980 and the Sheriff of Cumberland County presented the execution, which was in the amount of $14,573.75, including interest to date, to the defendant. The defendant transferred the funds in plaintiff's account, totalling $14,645.44, to the Sheriff on 11 March 1980 and notified plaintiff that it had done so. Approximately two months later plaintiff demanded the funds in his account and the bank denied plaintiff's demand, stating that the account was non-existant.

Plaintiff subsequently instituted this action alleging the above-recited facts and alleging that the defendant's unlawful withholding of plaintiff's funds had caused plaintiff severe mental and nervous shock, emotional stress, aggravated heart trouble and general deterioration of his health; had caused plaintiff to incur medical expenses; had prevented plaintiff from pursuing his vocation; and had prevented plaintiff from paying his personal debts. Plaintiff prayed for damages in the amount of $14,302.92 plus interest as restitution for funds taken from plaintiff's bank account; $50,000 as punitive damages; and $514,000 additionally.

Defendant's answer denied that it had wrongfully released the funds and asserted, among other things, N.C. Gen. Stat. § 1-359 as a complete defense to plaintiff's action.

The trial court granted defendant's motion for summary judgment and dismissed the action. Plaintiff appeals from this order.

*Davey L. Stanley, for the plaintiff-appellant.*

*Clark, Shaw, Clark & Bartelt by John G. Shaw, for the defendant-appellee.*

MARTIN (Robert M.), Judge.

N.C. Gen. Stat. § 1-359 provides:

> After the issuing of an execution against property, all persons indebted to the judgment debtor, . . . may pay to the

sheriff the amount of their debt, or as much thereof as is necessary to satisfy the execution; and the sheriff's receipt is a sufficient discharge for the amount paid.

It is undisputed that the plaintiff was a judgment debtor; that the defendant was a debtor of the plaintiff at the time the sheriff levied execution; and that the defendant paid the sheriff the amount of its debt to the judgment debtor.

Under N.C. Gen. Stat. § 1-359 a bank voluntarily can pay, if it chooses, to the sheriff the amount in a judgment debtor's bank account when it is notified that there is an outstanding writ of execution against its depositor. Thus, N.C. Gen. Stat. § 1-359 provides the defendant with a complete defense to plaintiff's action. *See Parks v. Adams*, 113 N.C. 473, 18 S.E. 665 (1893).

As the pleadings and affidavits before the trial court showed that there was no genuine issue as to any material fact and that the defendant was entitled to a judgment as a matter of law, the trial court correctly granted defendant's motion for summary judgment. N.C. Gen. Stat. § 1A-1, Rule 56(c). The order of the trial court from which the plaintiff appealed is affirmed.

Affirmed.

Judges WHICHARD and BECTON concur.