STATE *v.* MATHEW DAVIS.

In an indictment for perjury, where the defendant is charged with having been
sworn " on the Holy Gospels of God," and it appeared that he was not sworn
as charged, such variance is fatal and will entitle the defendant to a new
trial.

INDICTMENT for perjury tried before *Tourgee, J.*, at the
Spring Term, 1873, of the Superior Court of RANDOLPH
county.

Defendant was charged with having, in a suit between
Hood, Bonbright & Co., plaintiffs, and Welborne Lassiter,
defendant, tried in the Superior Court of Randolph county
before his Honor, Judge TOURGEE, at Fall Term, 1871,

" *being then and there duly sworn upon the Holy Gospel of God to speak the truth,*" &c., falsely, wickedly, wilfully and corruptly committed perjury, in swearing as to the attestation of a certain deed, which was a material point on the trial of the issue then joined.

On the trial much evidence was introduced both for the State and for the defendant, to the introduction of some of which the defendant objected. It is unnecessary, however, to a proper understanding of the opinion delivered, to notice the exceptions of the defendant to the evidence as the case was decided in this Court upon one point : the alleged error in his Honor in charging the jury " that it was not necessary for the State to prove that the defendant was sworn upon the Holy Gospel of God as charged in the bill of indictment ; that if they were satisfied that he was sworn in any manner known to the law it was sufficient." To this charge the defendant excepted.

The jury returned a verdict of guilty. Motion by defendant to arrest the judgment for error in allowing certain evidence to be given to the jury, and also for error in the charge of his Honor as to the above, and other points needless to mention. Motion refused. Judgment and appeal.

No counsel for defendant in this Court.

*Attorney General Hargrove* and *L. M. Scott* for the State :

1. The transcript discloses that " the defendant was sworn and examined as a witness," &c. The form and manner of the oath was not shown.

It is admitted that if it had appeared in evidence that he was sworn with " up-lifted hands," or was a Quaker, it having been charged that he was sworn on the " Holy Gospels," the variance would have been fatal.

But, in *Rex* v. *Rowley*, Ky. and Mood. N. P. C. 302, (found also in 24 Eng. Com. Law,) it is held, " that proofs that the

defendant was *sworn and examined* as a witness, supports an averment, that he was sworn on the holy gospels, that being the ordinary mode of swearing in England." See also *Rex* v. *McCarther*, Peake's C. 155.

II. The ordinary mode of swearing in this State is upon the holy gospels. Rev. Code, chap. 76, sec. 1. It was sufficient for the State to show that the defendant was "sworn and examined." If sworn in the exceptional form, it was proper matter of defense.

READE, J. Our statute declares that "lawful oaths for the discovery of truth and establishing right are necessary and highly conducive to good government, and being most solemn appeals to Almighty God. * * * * Such oaths ought to be taken and administered with the utmost solemnity." This "solemnity" applies not only to the substance of the oath, but to the form and manner of *taking* it, and of *administering* it. And therefore the statute further provides that the Judge, or either person administering it, "shall require the party sworn to lay his hand upon the holy evangelists of Alminghty God, * * * * and after repeating the words, *so help me God*, shall kiss the holy gospels as a seal of confirmation to the said engagements." Rev. C. Oaths. After this manner every witness in North Carolina must be sworn. And a wilful violation of such an oath in a material matter is perjury, and no other is. This is the general rule. The only exception is "when the person to be sworn shall be conscientiously scrupulous of taking a book oath in manner aforesaid, he shall be excused from laying his hands upon or touching the holy gospels * * * and he shall stand with his right hand lifted up towards heaven," &c. And Quakers and some others who have conscientious scruples about *swearing* at all, are permitted to "affirm."

If the usual form of oaths upon the holy evangelists is

dispensed with, and an " appeal " or " affirmation " is sub-
stituted, it must appear that the person sworn had
conscientious scruples ; else the " appeal " or " affirmation "
is invalid.

This much has been said because of the general and
solemn importance of the subject, and because his Honor
seemed to be of the opinion that an oath valid for any one
person was valid for every other person.

The indictment charged that the defendant was sworn
" upon the holy gospels." His Honor charged the jury that
they might convict him "if he was sworn in any manner
known to the law." We are to take it that this meant that
they might convict him if it appeared that he was not sworn
upon the holy gospels as the indictment charged, but was
affirmed as a Quaker. And this is clearly in violation of
the rule that the *probata and allegata* must agree. We sup-
pose that his Honor's idea was that as falsehood was the
*substance* of the offense, the *form* of the oath was immaterial.
But experience, precedents and practice all teach the value
of certainty and precision in legal and especially in criminal
proceedings. If one is charged with killing another with
poison it will not be sufficient to prove that he killed him
with a sword.

The following is a quotation from 2 Chit. Cr. L. p. 309 :
" And if he were sworn twice, first in the usual form, and
afterwards after his own method, to state that he was sworn
on the holy gospels of God will suffice, though had he been
sworn only in the latter way the variance would have been
fatal."

So in our case he is charged with having been sworn upon
the holy gospels, and as we are to take it from the charge it
appeared that he was not sworn as charged, but in some
other way. The variance is fatal.

There are several other points in the case, but as this

.entitles the defendant to another trial, it is not necessary to .notice them.

There is error.

PER CURIAM. *Venire de novo.*