PEARRE BROS & CO. v. MIKE FOLB, B. R. TAYLOR, assignee of Mike Folb, and others.

(Decided November 15, 1898.)

*Assignment—Attachment—Oaths—Estoppel.*

1. Under the Act of 1893, Chapter 453, assignors in deeds of assignment are required in a mandatory way, to file under oath a schedule of all preferred debts, with particulars, within five days of the registration of the deed.

2. Oaths are to be taken and administered with the utmost solemnity, and this applies not only to the substance of the oath, but to the form and manner of taking and administering it required by Statute, Section 3809 of *The Code. State* v. *Davis,* 69 N. C., 383.

3. A recital in a bond given in attachment proceedings to the sheriff for the delivery of the goods, should the plaintiff recover judgment, that the sheriff had made seizure and levy of the goods, estops the defendants to deny the sufficiency and validity of the seizure of the goods and levy of the attachments.

CIVIL ACTION on money demand, tried before *Allen, J.*, at May Term, 1898, of CUMBERLAND Superior Court.

Attachment proceedings had been taken out in this case. There were eleven other cases pending on the docket, instituted by creditors of Folb, against Folb and his assignee, B. R. Taylor, in all of which attachments had been taken out and were awaiting trial, and were instituted to have declared fraudulent and void the deed of assignment from Folb to Taylor dated July 12, 1897, and also to have declared fraudulent and void the schedule and preferences under said assignment. These eleven cases were consolidated by order of the Court with this case and the whole tried together.

The debts claimed by the respective plaintiffs were not denied.

The following issues were submitted to the jury:

1. Was the deed of assignment from Folb to Taylor

made with intent to hinder, delay or defraud the creditors of Folb, or any of them?

Answer—No.

2. Are the preferred debts in first class in said deed (naming them) and debts to M. Silver in second class creditors, or any of them fictitious?

Answer—No.

3. Did the Sheriff of Cumberland levy the attachments in his hands on the personal property in the hands of the assignee, and was said property replevied by the defendant Taylor, assignee?

Answer—Yes, under instructions.

4. Was a duly sworn schedule of preference filed by the defendant Folb in the office of the Clerk of the Superior Court of Cumberland county, and is such schedule in compliance with the laws of North Carolina regulating assignments?

Answer—No, under instructions.

The return of the Sheriff upon the attachments recited that he had executed the warrant of attachments by levying upon and taking into possession the goods; and the defendant Taylor, assignee, with sureties, executed bonds to the Sheriff, which contained the same recitals.

The defendants proposed to prove that in some of the cases, the Sheriff had not taken possession of the goods.

The evidence was objected to on the ground that the defendants were estopped to deny the validity of the levy and seizure of the goods.

His Honor so ruled, and directed the response to the third issue accordingly, in the affirmative.

Defendants excepted.

In swearing to his schedule, there was no Bible used. The Justice of the Peace, who administered the oath,

PEARRE *v.* FOLB.

said to Folb: "Hold up your right hand. You do solemnly swear or affirm that the matters and things contained in the paper writing are correct, so help you God !"

Folb was not a Quaker, nor a Moravian, nor a Dunkard, nor a Mennonist, but a Jew. He did not ask to affirm, and testified that he had no conscientious scruples against being sworn on the Bible.

The plaintiffs insisted that the oath was not administered and taken in accordance with the requirements of our Statute, and was invalid.

His Honor so ruled, and directed the response to the fourth issue accordingly, in the negative.

Defendants excepted.

Upon the issues as found, his Honor rendered judgment in favor of the plaintiffs in the respective cases upon the several replevin bonds.

Defendants appealed.

*Messrs. H. L. Cook, Geo. M. Rose* and *C. W. Broadfoot,* for defendants (appellants.)

*Messrs. H. McD. Robinson, R. P. Buxton, McRae & Day, E. K. Bryan* and *S. H. MacRae,* for appellees.

MONTGOMERY, J.: The Act of 1893, Ch. 453, in a mandatory way, requires the assignors in deeds of trust or deeds of assignment for the benefit of creditors to file under oath a schedule of all preferred debts, with particulars, within five days of the registration of the deed. The first question presented for decision in this case is one that relates to the sufficiency and validity of the oath which the assignor made when the schedule of preferred debts was filed. The assignor was a Jew. When

123—16

the justice of the peace administered what the defend-
ants insist is a valid oath, that officer said to the assign-
or "hold up your right hand"; upon which being done,
the justice said "you do solemnly swear or affirm that
the matters and things contained in the paper writing
are correct, so help you God." There was no Bible used.
The affiant was not a Quaker, nor a Moravian nor a
Dunkard, nor a Mennonist; he did not ask to affirm, nor
did he express any conscientious scruples at touching
the Bible, or being sworn on that book, but, on the con-
trary, said he had none.

That proceeding did not constitute a valid oath under
the laws of North Carolina. The preamble to Chapter
40 of Volume 2 of *The Code* is in these words: "Where-
as lawful oaths for the discovery of truth and establish-
ing right are necessary and highly conducive to the im-
portant end of good government, and being most solemn
appeals to Almighty God as the Omniscient witness of
truth and the Just and Omnipotent Avenger of false-
hood, such oaths therefore ought to be taken and ad-
ministered with the utmost solemnity." This "solem-
nity" applies not only to the substance of the oath, but
to the form and manner of *taking* it and of *administer-
ing it*, as was said by the Court in the case of *State* v.
*Davis*, 69 N. C., 383. And therefore the Statute, Sec-
tion 3809 of *The Code*, provides that "Judges and justices
of the peace and other persons who may be empowered
to administer oaths shall (except in the cases in this
chapter excepted) require the party sworn to lay his
hand upon the Holy Evangelists of Almighty God in
token of his engagement to speak the truth, as he hopes
to be saved in the way and method of salvation pointed
out in that blessed volume, and in further token that if
he should swerve from the truth he may be justly de-

prived of all the blessings of the Gospel and made liable
to that vengeance which he had imprecated on his own
head, and he shall kiss the Holy Gospel as a seal of con-
firmation to the said engagement."

The only exception made in the statute to the general
rule is "where the person to be sworn shall be con-
scientiously scrupulous of taking the Book oath in the
manner aforesaid, he shall be excused from laying hands
upon or touching the Holy Gospels"; and the oath re-
quired in such cases shall be administered in a certain
prescribed manner in Section 3310 of *The Code* is equal-
ly as solemn as the general law requires.   And Quakers
and some others, with conscientious scruples about
swearing at all, "are permitted to affirm."   In *State* v.
*Davis*, *supra*, the court further said "if the usual form
of oaths upon the Holy Evangelists is dispensed with
and an 'appeal' or 'affirmation' is substituted, it must
appear that the person sworn had conscientious scruples,
else the appeal or affirmation is invalid."   That decision
has never been altered or modified by this Court.

The only other question necessary for us to decide is
as to the validity of the levy and seizure by the sheriff
of the goods of the defendant Folb under the warrants
of attachment.   The defendant Taylor, the assignee,
with sureties, executed to the sheriff a bond for the de-
livery of the goods, should the plaintiffs recover judg-
ment in the action against Taylor, the assignee of Folb,
and in that paper writing they recited the fact that the
sheriff had made seizure and levy of the goods.   The
defendants are estopped to deny the sufficiency and va-
lidity of the seizure of the goods and levy of the attach-
ments.   *Hunley* v. *Filbert*, 73 Mo., 34; 7 Am. & Eng.
Enc., 8.   There is no error and the judgment is

Affirmed.