## STATE v. JOHN M. DAY.[1]

May 28, 1909.

Nos. 16,211—(24).

**Marriage License.**

A clerk of the district court, in administering an oath to an applicant for a marriage license, is not required to affix the seal of the court to the jurat; and the application, if duly signed by the applicant and attested by the clerk, constitutes prima facie evidence that the oath was duly administered.

**Same — Perjury — Evidence.**

Upon the trial of the applicant for the marriage license for perjury in falsely swearing that the girl whom he proposed to marry was over eighteen years of age, a report, over the signature of appellant, executed by him while officiating as her school teacher, is admissible in evidence for the purpose of showing his knowledge of her age.

**Same.**

Notwithstanding the denial of appellant that he was sworn at the time he signed the application for the marriage license, the evidence was sufficient to justify the jury in finding that the oath was duly administered, although the clerk had no distinct remembrance of the occurrence.

**Same — Charge to Jury.**

The court did not err in instructing the jury that it was immaterial that appellant and the clerk did not hold up their hands when the oath was administered, but that the important question was: Did appellant state on oath to the clerk that the affidavit subscribed by him was true?

Defendant was indicted in the district court for Pipestone county for the crime of perjury by falsely swearing that Eva Sample was over eighteen years of age. The case was tried before P. E. Brown, J., and a jury which found defendant guilty. From an order denying defendant's motion to set aside the verdict and for a new trial, he appealed. Affirmed.

*C. W. Gilmore,* for appellant.

*George T. Simpson,* Attorney General, and *A. L. Janes,* County Attorney, for the State.

[1] Reported in 121 N. W. 611.

LEWIS, J.

Appellant was convicted of perjury in having falsely made a statement under oath, when applying to the clerk of the district court of Pipestone county for a marriage license, that Eva Sample, the girl he proposed to marry, was of the full age of eighteen years, whereas in fact she was then less than sixteen years of age.

1. The state introduced in evidence page 201 of Record B of Marriage Licenses; the same being the application of appellant for a license to marry Eva Sample. The record was objected to upon the ground that it was not properly authenticated by the seal. The clerk of the district court, as such, has no seal under the statutes of this state, and is not required to affix the seal of the court to the jurat in administering oaths of this character. State v. Barrett, 40 Minn. 65, 41 N. W. 459; Crombie v. Little, 47 Minn. 581, 50 N. W. 823; C. N. Nelson Lumber Co. v. McKinnon, 61 Minn. 219, 63 N. W. 630. The application was signed by appellant. The jurat was properly filled out and signed by the clerk, and was prima facie evidence that it was properly sworn to by appellant.

2. Appellant was a school teacher, and in 1907 was engaged in teaching in a certain district school in South Dakota, wherein Eva Sample resided with her parents. While she was attending his school as a student, appellant made out a school report in writing, signed by him, in which it was stated that the girl was fifteen years old. This report was offered in evidence by the state, and was objected to upon the ground that it was incompetent, irrelevant, and immaterial, that it was part of the record of another state, and that there was nothing to show it was executed according to the laws of the state. Appellant admitted that he had made out the report and that his signature was attached to it. It was admissible for the purpose of showing his knowledge of her age.

3. Appellant denied at the trial that he had sworn to the application for a license, but admitted that he had signed it. The clerk testified as follows with reference to giving the oath: "Q. And did you subscribe your name to that application? A. Yes, sir. 'Subscribed and sworn to before me the 13th day of April, 1908. S. B. Rockey, Clerk of the District Court.' Q. And after he subscribed his name,

or before he subscribed his name, did you say anything else to him? A. I either says, 'Do you swear to this?' or give him the oath. Q. Well, what do you mean by giving him the oath? What is that? A. Well, the oath that I give sometimes. Sometimes I give it, and sometimes I ask him, 'Do you swear to these questions?' I raise my hand and I say: 'Do you solemnly swear that you will true answers make to such questions put to you touching your application in the marriage license?' Q. Well, would that oath that you have stated, would that be given before or after the person has answered these questions—the applicant has answered the questions? A. The one would be given before, and the other would be just afterwards."

On cross-examination, the witness testified that he had no distinct memory of administering the oath to appellant in any specific form; that it was his usual custom to administer the oath in one form or the other; that in all cases he followed the usual custom, and gave the oath in one form or the other. Further, on redirect examination the witness stated that his testimony was based partly on his recollection and partly on his custom; that he made it a practice never to give a license unless he asked the applicant the questions contained in the application, and then said, "Do you swear to this?" or gave the usual oath. It does not appear from the evidence whether the clerk caused appellant to hold up his hand while administering the oath, and appellant denies having done so.

Section 2681, R. L. 1905, reads: "Any officer authorized by this chapter to take and certify acknowledgments may administer an oath, and, if the same be in writing, may certify the same under his official signature, and the seal of his office, if there be one, in the following form: 'Subscribed and sworn to before me this ——— day of ——, 19—.' The mode of administering an oath commonly practiced in the place where it is taken shall be followed, including, in this state, the ceremony of uplifting the hand." Appellant submits that there is no evidence of perjury in this case, for two reasons: (1) Because the statute requirement as to the form of administering the oath must be strictly complied with, and it was not in this case, because the formality of raising the hand was not carried out. (2) If the application constituted prima facie evidence that it was sworn to, that evidence

was overcome by the direct and positive denial of appellant that he executed any oath, and by the fact that the clerk had no distinct recollection of the occurrence.

In some jurisdictions the statute lays great stress on the formalities of administering oaths, and it has been held that a failure to comply therewith is fatal. State v. Davis, 69 N. C. 383; Pearre v. Folb, 123 N. C. 239, 31 S. E. 475. But such is not the case in this state. The reference in section 2681, supra, to the ceremony of uplifting the hand, is the only provision in our statute upon the subject of "ceremony" in administering an oath. The particular formality with which an oath is administered has never been regarded in this state as of great importance. The essential thing is that the party taking the oath shall go through some declaration, or formality, before the officer which indicates to him that the applicant consciously asserts or affirms the truth of the fact to which he gives testimony. In State v. Gay, 59 Minn. 6, 60 N. W. 676, 50 Am. St. 389, it was held that, in the absence of a statutory form of oath to be administered to an alleged illiterate, the form used by the judge at the election was of binding force and effect. The party was required to raise his hand, and the judge said to him: "You swear now to this, that what you have told me is true?" Section 4832, R. L. 1905, declares that it shall not be a defense to a prosecution for perjury that an oath has been administered or taken in an irregular manner. The failure to raise the hand must be held to be a mere irregularity.

It having been shown by convincing evidence that the appellant knew the girl was less than eighteen years of age, the fact that he knew the application contained the statement that she was over eighteen years of age, and the fact that he signed it deliberately, knowing it contained such statement, presented a state of circumstances which made his credibility as a witness peculiarly a question for the jury. Although the clerk was unable to remember the particular occurrence, or to state in what particular form he administered the oath, there is nothing in his testimony which necessarily demands the conclusion that in this particular case he failed to comply with his duty. A similar question was raised in Komp v. State, 129 Wis. 20, 108 N. W. 46, where the notary testified that to the best of his belief and judgment

he administered the oath to Komp on or about the date of the jurat; that he was a busy man and administered many oaths; that his testimony was based on the fact that he made a practice not to put his name to the jurat unless he swore the affiant, and upon the fact that he found his name to the jurat and Komp's name to the affidavit; that he had no recollection independent of the papers, but to the best of his judgment the oath was administered. The court remarked, in the course of the opinion, that the mere want of present recollection as to the exact circumstances under which the oath was taken did not necessarily control the presumption of fact arising from the official certificate. In Case v. People, 76 N. Y. 242, referred to by appellant, the facts were different; but the decision is not in conflict with this principle. The evidence was ample to justify the jury in finding that appellant was duly and properly sworn.

4. The court instructed the jury that it was immaterial that appellant and the clerk did not hold up their hands at the time the oath was administered, but that the important question was: Did appellant state on oath to the clerk that the affidavit subscribed to by him was true, or words to that effect? The instruction was correct, although not as complete as it might have been; but, if there was any reason for misapprehension or a misunderstanding, the attention of the court should have been called to it. State v. Zempel, 103 Minn. 428, 115 N. W. 275.

Affirmed.