R. C. BRIDGER v. J. R. MITCHELL.

(Filed 12 March, 1924.)

**Summons—Service—Process—Publication—Nonresidents—Judgment in Personam—Special Appearance—Jurisdiction—Judgments set Aside.**

Where a nonresident defendant of this State has had no personal service of summons made upon him and has not accepted service, and has no property herein subject to attachment or levy, a judgment upon publication of service under the provisions of our statute, C. S., 411, may not be rendered against him *in personam*, in an action for debt; and where so rendered it will be set aside upon special appearance of his attorney who moves therefor upon the ground of improper service, and the want of jurisdiction of our courts.

APPEAL by plaintiff from *Kerr, J.*, at October Term, 1923, of HERT-FORD.

Civil action.

*Stanley Winborne and R. C. Bridger for plaintiff.*
*John E. Vann for defendant.*

CLARKSON, J. This is an action on a judgment obtained by plaintiff against the defendant at April Term, 1913, of the Superior Court of Hertford County, for the sum of $800, with interest from 25 April, 1913; cost, $92.65, and cost of the action.

The suit was commenced in Hertford County, and the usual summons in such cases issued to the sheriff of said county. The sheriff returned on the summons: "Received 14 April, 1923; served; defendant, J. R. Mitchell, not to be found in Hertford County." *Alias* summons dated 1 May, 1923, was issued to sheriff of Mecklenburg County. The sheriff returned on the summons: "Received 12 May, 1923; served; defendant, J. R. Mitchell, not to be found in this county."

The plaintiff, before the clerk of the Superior Court of Hertford County, made the usual affidavit and prayer for service of summons on the defendant by publication, alleging the defendant was a nonresident of the State, etc.

The clerk made the usual order of service by publication, "requiring the defendant to appear before the clerk of the Superior Court of Hertford, at his office in Winton, N. C., on 21 June, 1923, at the courthouse in said county, and answer or demur to the complaint of plaintiff, or the relief therein demanded will be granted."

On 21 June the defendant, through his counsel, entered a special appearance and made the following motion: "John E. Vann, attorney, enters a special appearance for the defendant in this action, and moves

to dismiss said action for improper service and want of jurisdiction."
The clerk refused the motion and gave judgment for plaintiff for the
amount set forth in the complaint. The defendant excepted and ap-
pealed to the Superior Court in term. The motion was renewed there,
and the court below overruled the judgment of the clerk and dismissed
the action for want of proper service of summons and want of jurisdic-
tion. From this judgment plaintiff excepted and assigned error, and
appealed to this Court.

This action raises the question of a judgment *in personam* and judg-
ment *in rem.*

Notwithstanding the just and meritorious action of plaintiff, we do
not think the suit on the judgment against the defendant, who, the
record shows, is a nonresident of the State, obtained in 1913, can be
maintained, unless there is actual personal service of summons on the
defendant, or acceptance of summons by him or his authorized agent or
attorney, or general appearance. The courts of this State have no extra
territorial jurisdiction over a person.

If the defendant has property in this State, it would be subject to
attachment for the debt, if not barred by the statute of limitations. The
statute of limitations as to persons out of the State is as follows:

"If, when the cause of action accrues or judgment is rendered or
docketed against a person, he is out of the State, action may be com-
menced, or judgment enforced, within the times herein limited, after
the return of the person into this State; and if, after such cause of
action accrues or judgment is rendered or docketed, such person departs
from and resides out of this State, or remains continuously absent there-
from for one year or more, the time of his absence shall not be a part
of the time limited for the commencement of the action or the enforce-
ment of the judgment." C. S., 411.

It is said by *Hoke, J.,* in *Johnson v. Whilden,* 166 N. C., 109: "It is
now the well-established principle that no valid judgment *in personam*
can be obtained against a nonresident or other for an ordinary money
demand except on personal service of process within the territorial juris-
diction of the court, or unless there has been proper acceptance of
service or a general appearance, actual or constructive, by which the
party submits his cause to the court's jurisdiction. The position is
modified, or, rather, a different rule obtains, where, in such an action,
duly instituted and on attachment issued, there has been a valid levy of
property of defendant in the jurisdiction, bringing the same within the
custody of the court, in which case the question of indebtedness may be
considered and determined in so far only as the value of the property may
be made available in satisfaction of the claim by sale under final process
or further decree in the cause; beyond this value, no judgment *in per-*

*sonam* may be entered or enforced. *Pennoyer v. Neff,* 95 U. S., 714, and 9 Rose's Notes thereon, pp. 338-39, *et seq.; Warlick v. Reynolds,* 151 N. C., 606; *Bernhardt v. Brown,* 118 N. C., 701." *Long v. Insurance Co.,* 114 N. C., 466; *Vick v. Flournoy,* 147 N. C., 209; *Everitt v. Austin,* 169 N. C., 622; *Mitchell v. Talley,* 182 N. C., 688; *Johnson v. Whilden,* 171 N. C., 157.

We do not think the case of *White v. White,* 179 N. C., 599, applicable to the case at bar. That was a suit for divorce and alimony by a wife against her husband, who had abandoned her. The absconding husband left real estate in this State. The Court said: "As said in *Bernhardt v. Brown,* 118 N. C., 705, 'Publication is authorized in those cases in which the court already has jurisdiction of the *res,* as to enforce some lien or a partition of property in its control, or the like, and the judgment has no personal force, not even for the costs, being limited to acting upon the property.' It is further said (p. 706): 'In proceedings under this class—proceedings *in rem*—it is not necessary, as in proceedings *quasi in rem,* to acquire jurisdiction by actual seizure or attachment of the property, but it may be done by the mere bringing of the suit in which the claim is sought to be enforced, which in law (in such cases) is equivalent to a seizure, being the open and public exercise of the dominion over it for the purpose of the suit.' "

We think the ruling of the court below was in accordance with law. The judgment must be, on that account,

Affirmed.