### ADAMS & CHILDERS v. PACKER & HARRISON.

(Filed 10 June, 1927.)

**Process—Summons—Nonresidents — Service — Attachment — Courts— Jurisdiction—Judgments.**

Where service of summons cannot be personally had upon a nonresident or his agent sufficient for the purpose, it is necessary to a valid service by publication that he has property within the jurisidiction of our court, and that the same be attached in order to confer the jurisdiction, and in that case a judgment *in personam* has no effect, but only one *in rem* is valid.

APPEAL by plaintiffs from *Shaw, J.,* at March Term, 1927, of BUNCOMBE.

Civil action, brought by plaintiffs, citizens of North Carolina, against the defendants, citizens of the State of Pennsylvania, to recover damages for an alleged breach of contract, or broker's commissions in connection with a real estate transaction. No process has been served on the defendants and no warrant of attachment has been issued against their property situate in this State. Upon an attempted service by publication, the defendants entered a special appearance and moved to dismiss the action for want of proper service. Motion allowed, and plaintiffs appeal.

*Joseph W. Little for plaintiffs.*
*A. Hall Johnston and W. C. Ervin for defendants.*

· STACY, C. J., after stating the case: In the absence of personal service duly had on a nonresident defendant in an action *in personam,* substituted service by publication is effectual only when property in this State, belonging to the defendant, is brought under the control of the court by some appropriate process, and even then such service extends only to the property seized, or brought under control of the court, as no personal judgment can be rendered in such a case. *Everitt v. Austin,* 169 N. C., 622; *Winfree v. Bagley,* 102 N. C., 515.

Speaking to the subject in *Long v. Ins. Co.,* 114 N. C., 466, *Clark, J.,* delivering the opinion of the Court, said: "Where the enforcement of a debt or other personal liability is sought by subjecting property of the nonresidents, the jurisdiction is based upon the seizure of the property, and only extends to the property attached."

And in *Hess v. Pawloski,* 71 L. Ed., ...... , decided 16 May, 1927, it was said: "The process of a court of one state cannot run into another and summon a party there domiciled to respond to proceedings against him. Notice sent outside the State to a nonresident is unavailing to give jurisdiction in an action against him personally for money recovery. *Pennoyer v. Neff,* 95 U. S., 714. There must be actual service within the State of notice upon him, or upon some one authorized to accept service for him. *Goldey v. Morning News,* 156 U. S., 518. A personal judgment rendered against a nonresident who has neither been served with process nor appeared in the suit is without validity. *McDonald v. Mabee,* 243 U. S., 90."

No property having been seized or brought under the control of the court, and no personal service having been had upon the defendants, it would seem that the judgment dismissing the present action is correct, and that it ought to be upheld.

Affirmed.