GEORGE D. BIZZELL AND L. D. EDWARDS, TRADING AS BIZZELL GRO-
CERY COMPANY, v. N. C. MITCHELL.

(Filed 18 April, 1928.)

1. **Replevin—Right of Action and Defenses—Filing Bond Does Not Admit Grounds of Attachment.**

By filing a replevy bond for the retention of his property the defendant in attachment does not admit the allegation of fraudulent concealment or other such statutory grounds upon which the attachment was issued. C. S., 814, 815.

2. **Appearance—What Constitutes General Appearance—Filing Replevy Bond.**

The giving of a replevy bond is equivalent to a general appearance entered by a defendant in attachment, and is a waiver of the irregularities, if any, in the service of summons, or the necessity of such service, and estops the defendant from denying ownership of the property levied on, but it does not estop defendant from traversing the truth of the allegation on which the attachment is based.

3. **Replevin—Right of Action and Defenses—When Motion to Vacate Attachment Can Be Made—Surety's Liability on Replevy Bond.**

When the defendant in attachment enters a general appearance and traverses the allegations of fraudulent concealment of his property upon which the attachment was based, and gives a replevin bond to retain the possession of the property attached, with the required surety, and upon the trial the issue as to fraud is found in his favor, the surety on the replevy bond is discharged from liability, and it is not necessary that a motion to vacate the attachment be previously made.

4. **Replevin—Judgment—Judgment Against Surety on Replevin Bond Cannot Be Had Summarily.**

Judgment against a surety on a replevy bond in attachment cannot be ordered in the main action unless he has made himself a voluntary party therein, the ordinary remedy being by separate action against him.

APPEAL by plaintiffs from *Grady, J.,* and a jury, at October Term, 1927, of WAYNE. No error.

This action is brought by plaintiffs against defendant, N. C. Mitchell, to recover a debt for supplies and advances. The action was commenced in Wayne County on 14 September, 1925, and the summons issued to Greene County returnable on 25 September, 1925. It was served on defendant 19 September, 1925. A warrant of attachment was sued out. The affidavit on which it was based alleges the indebtedness and recites "That the said N. C. Mitchell keeps himself concealed therein with intent to avoid the service of summons (or) that the said N. C. Mitchell is about to assign, dispose of (or) some of his property with intent to defraud his creditors." The warrant of attachment recites "that the above named (N. C. Mitchell) had disposed of, and is about to dispose

of some of his property, with intent to defraud his creditors. You are forthwith commanded to attach and safely keep all the property of the said N. C. Mitchell in your county or so much thereof as may be sufficient to satisfy said demand, with costs and expenses, and you will make due return thereof to the said court at the term to be held on 3 September, 1925." The warrant was issued to Greene County and the property is set forth in the undertaking below.

The defendant's undertaking in attachment is as follows:

"Whereas, by virtue of a writ of attachment issued in the above entitled case on 14 September, 1925, the sheriff of Greene County did seize and levy on the following described personal property belonging to defendant, to wit: Defendant's interest in 35 bales cotton; 15,000 pounds of tobacco, 120 barrels corn, one Ford automobile, eight mules, 4 cows, 1 lot farming implements.

"Now, therefore, we, N. C. Mitchell and H. L. Bizzell, undertake in the sum of $10,000.00 that the said defendant will return the said property to the said officer, if such said officer shall deliver it to him, providing said plaintiffs recover judgment in said action, and pay all costs awarded against him; or in default thereof will pay to said plaintiffs the value of said property and all costs and damages that may be awarded against him in said action. Witness our hands and seals, this 21 September, 1925. N. C. Mitchell, H. L. Bizzell."

The judgment of the court below is as follows: "Present and presiding: Henry A. Grady, judge: This cause coming on to be heard before the court and jury, and the jury having returned the following verdict, to wit:

"1. In what amount, if anything, is the defendant indebted to the plaintiffs? Answer: $2,582.48, with interest from 1 January, 1925.

"2. What was the value of the property levied upon by the sheriff under warrant of attachment? Answer: $3,000 (by consent).

"3. At the time the warrant of attachment was issued, had the defendant kept himself concealed with intent to avoid service of summons? Answer: No.

"4. At the time the warrant of attachment was issued, had the defendant assigned, disposed of, or was he about to assign or dispose of his property with intent to defraud his creditors? Answer: No.

"And it appearing to the court that a warrant of attachment was issued in this cause on or about 14 September, 1925, and that the summons and warrant of attachment were served on the defendant on 19 September, 1925, and that a bond was filed by the defendant under section 813 (C. S., 815) of Consolidated Statutes, with Herbert L. Bizzell as surety thereon, said bond being in the penal sum of $10,000; and it further appearing to the court that no motion was made prior to the trial for the vacating or setting aside of said warrant of at-

tachment; and the defendant having moved pending the trial and before verdict that said warrant be vacated, and having filed affidavits in support of said motion, and no affidavits or evidence having been filed or offered by the plaintiffs in denial of the facts set up in said affidavits, the court finds as a fact that at the time of the issuance of said warrant the defendant was not keeping himself concealed for the purpose of avoiding the service of process, but that the summons was served upon him, and the court finds as a fact that the defendant had not disposed of any of his property, nor was he attempting to dispose of same for the purpose of defrauding his creditors, and that the allegations of the affidavit upon which said warrant was issued were untrue in fact; now upon the findings of the fact above set out, and upon the verdict, it is ordered and adjudged that said warrant of attachment be and the same is vacated and set aside, and the surety on the replevin bond, Herbert L. Bizzell, is discharged from all liability thereon. It is further ordered and adjudged that the plaintiff recover of the defendant, N. C. Mitchell, the sum of $2,582.48, with interest on the same from 1 January, 1925, and the costs of this action to be taxed by the clerk." ·

*J. Faison Thompson for plaintiff.*
*Kenneth C. Royall for defendant.*

CLARKSON, J. The sole question presented on this appeal is H. L. Bizzell, the surety on the undertaking, released? No motion to vacate the attachment having been made before a replevy bond was given, but the jury and the judge each having found as a fact at the trial that no grounds of attachment did exist, was the court in error in vacating the attachment and discharging the surety on the attachment bond? We think not. We decide it here on the theory it was tried in the court below.

We must note in the beginning that this is an attachment proceeding— a provisional or ancillary remedy. We are governed by the statutes on the subject. In approaching the main subject we outline some of the decisions and the statutes applicable in attachments.

It is well settled in this jurisdiction that the findings of fact by the court below in matters of this kind are binding on this Court, if there is competent evidence to support them. *Kenney v. Hotel Co.,* 194 N. C., 44; *Brann v. Hanes, ibid.,* 571. "It is a provisional remedy and as such does not affect the decision of the case upon its merits." *Mohn v. Cressey,* 193 N. C., at page 571.

In an action before a justice of the peace, where the jurisdiction is conferred for the debt. "Want of authority in the justice to issue original process to any county other than his own did not inhibit the running of the warrant of attachment to another county, or the service

of a notice upon the garnishee to appear before the court to which the attachment was returnable to answer upon oath as the statute provides; for issuing the warrant was only incidental to the original action.". *Mohn case, supra.*

C. S., 814, is as follows: "When the defendant has appeared in such. action, he may apply to the court in which it is pending, or to the judge. thereof, for an order to discharge the attachment; and if the order is granted, all the proceeds of sale, and moneys collected in the action, and all property attached remaining in the hands of any officer of the court, under any process or order in the action, shall be delivered or. paid to the defendant or his agent, and released from the attachment. Where there is more than one defendant, and the several property of one of them has been seized by virtue of the order of attachment, the defendant whose several property was seized may apply in like manner for relief."

C. S., 815, in part, is as follows: "Upon the application provided for in the preceding section the defendant must deliver to the court an undertaking in at least double the amount claimed by the plaintiff in his complaint, executed by two sureties residing in this State, approved by the court, to the effect that the surety will, on demand, pay to the plaintiff the amount of judgment that may be recovered against the defendant in the action, not exceeding the sum specified in the undertaking," etc. See, also, C. S., 813.

If the undertaking is not given, provision is made as follows (C. S., 827): "The defendant, or person who has acquired a lien upon, or interest in, his property before or after it was attached, may at any time: before the actual application of the attached property, or the proceeds thereof, to the payment of a judgment recovered in the action, *apply to the court having jurisdiction to vacate or modify the warrant,* or to. increase the security given by the plaintiff, or for one or more of those forms of relief, together or in the alternative, as in cases of other provisional remedies." *Byrd v. Nivens,* 189 N. C., p. 621.

Under C. S., 802, "the warrant of attachment may be granted to accompany the summons or at any time thereafter."

The purpose of an attachment is to conserve the property for eventual execution after the action shall have proceeded to judgment. *Mfg. Co. v. Lumber Co.,* 177 N. C., 404; *Hambley v. White,* 192 N. C., p. 31; *Saliba v. Mother Agnes,* 193 N. C., 251. The debtor may procure its release by giving undertaking in the manner provided by the statute *(supra).*

A personal judgment rendered against a nonresident is a nullity, unless he has been served with process or enters a general appearance. *Bridger v. Mitchell,* 187 N. C., 374; *Adams v. Packer,* 194 N. C., 48. If property of a nonresident is attached or brought under control

of the court by appropriate process, the court has jurisdiction of the *res* and the judgment extends only to the value of the property. *Adams case, supra.*

The complaint in the present action alleges: "That the said N. C. Mitchell keeps himself concealed therein with intent to avoid the service of the summons (or) that the said N. C. Mitchell is about to assign, dispose of (or) some of his property with intent to defraud his creditors."

The prayer for judgment: "(1) For the sum of $2,917.37, with interest from 23 September, 1925; (2) That this account be declared a specific lien on the property levied on under a warrant of attachment issued in this cause; (3) That the property levied on under this warrant of attachment be condemned to be sold to satisfy this judgment."

The defendant in his answer denies the allegations upon which the warrant of attachment was based. He prays "that the warrant of attachment procured by plaintiff in this action be vacated and dismissed."

The record shows at the beginning of the trial defendant made a motion to vacate the attachment upon affidavits, also issues were submitted to the jury as appears in the record.

6 C. J., sec. 695, p. 337, is as follows: "As a bond for the redelivery or forthcoming of the property, or which does not dissolve or discharge the attachment, will not prevent defendant from moving thereafter to discharge the same, it follows that the giving of such a bond does not bar a subsequent motion or other proceeding by defendant to vacate the attachment, although it has been held that the giving of a forthcoming bond is an admission of the validity of the levy, which estops defendant from moving to quash it. So, also, where the bond does not dissolve the attachment without an order of discharge, the giving of the bond does not preclude defendant from moving to dismiss the attachment, and a replevy bond does not preclude defendant from traversing the truth of the grounds of attachment, or from moving to dismiss the attachment."

6 C. J., sec. 696, at page 338, says: "Where, however, defendant gives a dissolution or discharge bond, or a bond conditioned to perform the judgment, which operates to discharge the attachment altogether, and makes the obligors unconditionally liable, this would seem to render immaterial the validity or even the existence of the grounds on which the attachment was based. As to this, however, the authorities are not uniform, and while the decided weight of authority is in support of the view that the giving of such a bond operates as a waiver on the part of the attachment defendant to move for a dissolution of the attachment thereafter, and estops him to deny the sufficiency of the grounds on which it was issued or the regularity of the proceeding, *the courts of a number of states adhere to the view that defendant may proceed to vacate the attachment notwithstanding the giving of such a bond.*"

6 C. J., sec. 1076, at page 463, in part says: "As to the time of hearing the issues formed upon a plea of abatement or answer traversing the attachment affidavit, the practice is not uniform. In some jurisdictions such issues should be disposed of before the trial of the main action, in other jurisdictions the issue may be tried before a trial on the merits, or may be tried either before or with the main case, while in still other jurisdictions the practice is to try the issue as to the propriety of the attachment together with the issues in the principal action."

It will be noted that under 6 C. J., latter part of section 696, *supra,* it is said: *"The courts of a number of states adhere to the view that defendant may proceed to vacate the attachment notwithstanding the giving of such a bond."*

To substantiate the position, among other cases *Bates v. Killian,* 17 S. C., 553, is cited.

In *Lumber Co. v. Buhmann,* 160 N. C., at page 389, this Court quotes freely from the opinion in the *Bates case, supra,* and says: "When there is any fatal defect in the attachment proceedings, parties would doubtless avail themselves of the chance offered to attack the process and vacate the same, thereby releasing the property from the lien without any further liability. The relief provided by Revisal, secs. 774 (C. S., 814), and 775 (C. S., 815), was without doubt intended primarily to provide for those cases where the attachments are regular and valid, and yet where it would be a hardship to the debtor if he is deprived of the use and enjoyment of his property during the pendency of the action. This remedy respects the interests of both creditor and debtor, as it gives the creditor a security in the form of an undertaking, which is, by the law, considered as reliable as the lien displaced by it, and an adequate protection, while the debtor is restored to the possession of his property. *Bates v. Killian, supra.* It appears that an undertaking was given to the sheriff for the release of the property, but what effect it will ultimately have in securing the plaintiff's claim, if established, is not now before us for decision."

Plaintiffs cite the cases of *Pearre v. Folb,* 123 N. C., 239; *Thompson v. Dillingham,* 183 N. C., 566, to sustain their position. Defendant cites *Mfg. Co. v. Steinmetz,* 133 N. C., 192; *Mfg. Co. v. Lumber Co.,* 177 N. C., 404; *Richardson v. Woodruff,* 178 N. C., 46 at page 50, to sustain his position, and says: *"Pearre v. Folb,* 123 N. C., 239, presents the question of an irregularity in the sheriff's levy; *Thompson v. Dillingham,* 183 N. C., 566, presents the question of an irregularity in the bond (undertaking). The appellant has not cited and, we submit, can cite no case that applies this principle where the question is as to the grounds of attachment; and, as has been previously pointed out, this Court has directly intimated that where an issue is raised as to the grounds of attachment the matter must be adjudicated in the

regular manner." In the *Thompson case, supra,* although presenting the irregularity of the undertaking, the Court cites *Moffitt v. Garrett,* 23 Okla., p. 398, and other cases upholding that the giving of the undertaking estops traversing the truth of the affidavit. We take it that the cases cited were on the irregularity of the undertaking. We think giving a bond by the defendant does not waive the validity of the statutory ground upon which the attachment was based.

In the present action, it was based on C. S., 799, sec. 2, which is as follows: "That the defendant is either a foreign corporation or a nonresident of the State, or domestic corporation none of whose officers can be found in the State after due diligence; or, *if he is a natural person and a resident of the State, that he has departed therefrom, or keeps himself concealed therein, with intent to defraud his creditors or to avoid service of summons; or, if the defendant is a natural person or a domestic corporation, that he or it has removed or is about to remove, property from the State, with intent to defraud his or its creditors; or has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, property with like intent."*

We have come to the crossroads. We believe it is not consonant with justice to hold that giving a bond or undertaking estops a defendant from traversing the grounds on which the warrant was based. To say the least, it was hardly the intent of the act allowing an undertaking to be given that by defendant so doing, to have his property released, he admitted so serious a charge made against him as in the present action. That giving the bond estopped defendant from denying or traversing a charge reflecting on his character. In fact in denying the charge alleged in the complaint, defendant says that it "is utterly unwarranted and an unjustifiable reflection and attack upon defendant's character and business integrity." We think the judgment contemplated in C. S., 815, is not only a judgment establishing the debt, but a judgment establishing the validity of the ground on which the ancillary remedy is procured, when the validity is traversed. We think the reasoning in the *Lumber Co., case, supra,* applicable to the present action. When defendant gives bond the matter may be heard on affidavits before the trial of the main issue but if demand is made it may be heard on an issue before the trial on the merits or it may be tried with the main issue.

See differences in procedure on undertakings in arrest and bail, claim and delivery, injunction and attachment. *Williams v. Perkins,* 192 N. C., p. 175; *Moore v. Edwards,* 192 N. C., 446.

Giving the undertaking by defendant waives certain irregularities. Giving the undertaking is a general appearance in the action. *Abbitt v. Gregory, ante,* 203. Likewise a demurrer is a general appearance. *Reel v. Boyd, ante,* 273.

C. S., 490, is as follows: "A voluntary appearance of a defendant is equivalent to personal service of the summons upon him." It precludes and estops defendant from traversing that he is not the owner of the property seized under the attachment. It does not preclude or estop the defendant from traversing the truth of the allegation on which the at-. tachment is based.

It may be noted that no statute in attachment makes provision for summary judgment on the undertaking. The statute, C. S., 815, *supra,* says: "That the surety will, on demand, pay to the plaintiff," etc. See *Mahoney v. Tyler,* 136 N. C., p. 40; *Williams case, supra.* No summary judgment against the surety, H. L. Bizzell, on the undertaking in the attachment could be rendered in this action. The judgment tendered by plaintiff, appellant, against the surety was properly denied. Of course by consent a surety on an undertaking on attachment can come in and the matter be determined in the one action, otherwise a separate action must be brought on the undertaking.

The principle involved is important and we have considered the matter on its merits. We decide it on the theory on which it was tried in the court below. Under the facts and circumstances of this case, the ground of attachment was traversed, it was found to be false in fact; the undertaking did not admit its truth, therefore the attachment being vacated and set aside, the surety on the undertaking is discharged. We find

No error.