**STATE of Minnesota, Plaintiff,**

v.

**John Raymond HEALY, Defendant.**

No. C2–94–1015.

Court of Appeals of Minnesota.

Sept. 6, 1994.

Review Denied Oct. 27, 1994.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Kevin Koch, Dodge County Atty., Patrick A. Oman, Sp. Asst. Dodge County Atty., Austin, for plaintiff.

Duane A. Kennedy, Rochester, for defendant.

Considered and decided by LANSING, P.J., and HUSPENI and PETERSON, JJ.

## OPINION

HUSPENI, Judge.

After a pretrial conference, the trial court certified to this court the following questions:

(1) whether under the circumstances an oath administered to prospective jurors was required by statute; and (2) whether the trial court's statement to defendant before voir dire reminding him of the oath administered to prospective jurors was sufficient to constitute an oath as required by Minn.R.Crim.P. 26.02, subd. 4(3)(c). We answer the certified questions in the affirmative.

## FACTS

Defendant John Raymond Healy served on a panel of 68 prospective jurors convened for jury selection in a first degree murder case. On the day the prospective jurors convened, the trial court administered the following oath to them:

> You do swear that you will answer truthfully all questions asked of you concerning your competency to serve as a juror in this case (So help you God)?

The court administrator then gave each prospective juror a questionnaire to complete for distribution to counsel for the state and defense before voir dire. Defendant completed the questionnaire, responding to a question regarding his criminal history[1] with a slashed circle. The administrator then instructed the jurors to return the next day to begin jury selection.

When defendant was called to the stand for individual voir dire and before questioning of him began, the court stated, "And you took the oath here yesterday with all the other jurors and you recall that, I take it?" Defendant answered, "Yes, sir." Neither attorney in the murder case asked defendant during voir dire any questions about his criminal history. Defendant was chosen for the jury, which found the murder defendant guilty.

Following the verdict, the trial court discovered that defendant had a criminal record consisting of traffic convictions and a misdemeanor conviction for theft and disorderly

---

1. The question read as follows:

 Have you or any of your friends or family members ever been arrested, accused of, or convicted of a crime? If yes, when and what crime? What were the circumstances? What sentence was received and when?

 "Crime" as defined in Minn.Stat. § 609.02, subd. 1 (1992) means conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment, with or without a fine. Offenses that constitute crimes include misdemeanors, gross misdemeanors and felonies. Minn. Stat. § 609.02, subds. 2, 3, 4 (1992).

conduct. As a result, the trial court granted the murder defendant's motion for a new trial. He was acquitted upon retrial.

Defendant was charged with two counts of perjury, Minn.Stat. § 609.48, subds. 1(1), (2) (1992). At a pretrial conference, defendant's counsel questioned whether the oath administered to all prospective jurors was required by law, and whether the trial court's reminder to defendant about the oath administered to all jurors constituted an oath required by Minn.R.Crim.P. 26.02, subd. 4(3)(c). The trial court certified these questions as being doubtful and of importance. This court dismissed the appeal because the district court did not first decide the questions. The trial court then answered both questions in the affirmative and again certified them to this court.[2]

### ISSUES

1. Was the oath administered to all prospective jurors required by law?

2. For the purposes of Minn.R.Crim.P. 26.02, subd. 4(3)(c), which requires the court to draw one prospective juror at a time and administer an oath, was the trial court's reminder to defendant of the oath administered to all prospective jurors sufficient?

### ANALYSIS

Statutory construction is a matter of law which the court of appeals can address without deference to the trial court. *State v. Batzer*, 448 N.W.2d 565, 566 (Minn.App. 1989).

### I.

■ Defendant argues that his responses on the questionnaire do not constitute perjury because Minn.R.Crim.P. 26.02, subd. 4(3)(c) does not require the oath that the trial court administered to all prospective jurors before defendant was chosen for voir dire.

Rule 26.02, subd. 4(3)(c) states in pertinent part:

1. The court shall direct that one prospective juror at a time be drawn from the jury panel for examination.

2. The prospective juror so drawn shall be sworn to answer truthfully questions asked relative to the prospective juror's qualifications to serve as a juror in the case.

Defendant argues that because the rule requires drawing one juror at a time for examination and then administering an oath, anything that occurs before the drawing is not "required" and therefore cannot provide the basis for a perjury charge. We disagree.

Minn.Stat. § 609.48, subds. 1(1) and (2) (the perjury statute) states:

Whoever makes a false material statement not believing it to be true in any of the following cases is guilty of perjury and may be sentenced as provided in subdivision 4:

(1) In or for an action, hearing or proceeding of any kind in which the statement is required or authorized by law to be made under oath or affirmation; or

(2) In any writing which is required or authorized by law to be under oath or affirmation.

Before distributing the questionnaire, the trial court administered an oath to all prospective jurors on defendant's panel, asking them to swear to answer truthfully all questions concerning their competency to serve as jurors. The trial court then distributed the questionnaire, stressing that it was important for the jurors to provide honest answers to both oral and written questions. Because we conclude that defendant's response to a written question regarding his criminal history was made while he was under an oath authorized by law, his action brings him within the scope of the perjury statute.

---

**2.** Notwithstanding affirmative answers to the certified questions, this is a pretrial appeal by the state. Thus, the parties did not raise the issue of whether trial court certification of questions can circumvent the rule precluding appeal by the defendant on pretrial evidentiary rulings. *State v. Babcock*, 360 N.W.2d 466, 467 (Minn.App. 1985). Neither did this court address the issue

in its dismissal of the first appeal in this case, other than to state that "if the district court decides the questions in defendant's favor and dismisses the complaint, then the proper avenue for appellate review would be an appeal by the prosecuting attorney under Minn.R.Crim.P. 28.-04." We, therefore, will address the certified questions on their merits.

The fact that Minn.R.Crim.P. 26.02, subd. 4(3)(c) requires jurors to be drawn one at a time and sworn separately before oral examination does not preclude the trial court from administering an oath before distributing a questionnaire intended to assist attorneys in determining whether a person may be qualified to serve on a jury. Trial courts frequently use and rely on questionnaires to make preliminary decisions about who is qualified to serve. Thus, it is important that prospective jurors provide accurate information. While in the future it might be prudent for trial courts to indicate prominently on the questionnaire that respondents are subject to the penalties of perjury for making false statements, the unduly narrow construction of Minn.R.Crim.P. 26.02, subd. 4(3)(c) and Minn.Stat. § 609.48 urged by defendant is neither reasonable nor warranted. The oath given by the court was an authorized method of apprising prospective jurors of their duty.

## II.

Defendant claims that whatever he said during his individual voir dire examination cannot constitute perjury because the trial court's statement, "and you took the oath here yesterday with all the other jurors and you recall that, I take it?," is not sufficient to satisfy the requirement that each prospective juror, drawn one at a time, be sworn to answer questions truthfully. Minn.R.Crim.P. 26.02, subd. 4(3)(c)1., 2. Because the complaint charging defendant with perjury focuses on defendant's conduct with respect to the jury questionnaire and not on specific answers given during his individual examination, arguably it is not necessary for this court to decide the question of whether the judge's comments to defendant could meet the rule requirement for an individual oath. A plain reading of the complaint indicates that the oath defendant allegedly violated was the one administered to all prospective jurors before answering the written questionnaire. We have determined that oath to be authorized by law.

 In the event, however, that further proceedings in this case reveal a potential violation of the perjury statute during defendant's oral examination, we will address the second certified question on its merits. In so doing, we conclude that the trial court's reminder to defendant of the oath he took the previous day is sufficient to constitute an oath for the purposes of Minn.R.Crim.P. 26.-02, subd. 4(3)(c). "The particular formality with which an oath is administered has never been regarded in this state as of great importance." *State v. Day,* 108 Minn. 121, 124, 121 N.W. 611, 613 (1909). The essential thing is that the party taking the oath goes through some declaration or formality that indicates that the person consciously affirms the truth of the testimony he gives. *Id.* In this case, defendant swore with the other prospective jurors that he would answer truthfully all questions asked regarding his competency to serve as a juror. When he took the stand for individual questioning, defendant indicated to the trial court that he remembered the oath that he took earlier. This, we believe, would be sufficient to indicate that defendant recognized that he still was subject to that oath. Accordingly, we conclude that the trial court's statement to defendant was sufficient to satisfy the oath administration requirement in Minn.R.Crim.P. 26.02, subd. 4(3)(c).[3]

### DECISION

A trial court is authorized to administer an oath before distributing a jury questionnaire, and violation of that oath in completing the questionnaire constitutes perjury under Minn.Stat. § 609.48, subd. 1. The trial court's reminder to defendant of the oath he took with all prospective jurors was sufficient to constitute an oath under Minn.R.Crim.P. 26.02, subd. 4(3)(c).

**Certified questions answered in the affirmative.**

---

**3.** During oral argument, defendant objected to plaintiff including in its brief a copy of defendant's official driving record. Because we did not rely on this document in reaching our decision, we do not address defendant's objection.